JAMES R. CANDY, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Constitutional Law:** DISTRICT JUDGES: POWER TO FIX TERMS OF COURT. The power granted by Sec. 26, Art. XVI, of the constitution, is a continuing power, and is not exhausted by user.

2. **District Judges:** POWER TO HOLD COURT FOR EACH OTHER. The power of a district judge to hold court in a district other than that for which he was elected does not depend upon the absence or disability of the proper judge.

3. **Criminal Law:** POWER OF ELECTION. Indictment contained two counts, one for malicious shooting with *intent to kill*, the other for malicious shooting with *intent to wound*. *Held*, that the defendant was not entitled to an order compelling the prosecutor to elect on which count he would proceed.

THIS case was brought up on a writ of error to the Clay county district court, where Candy had been tried and sentenced to imprisonment in the penitentiary for the term of one year.

*John Saxon*, for plaintiff in error, cited *Ellis v. Karl*, 7 Neb., 381. Gen. Stat., 722. Constitution, Art. I, Sec. 15.

*C. J. Dilworth, Attorney General*, for defendant in error, cited Gen. Stat., 821, Sec. 435. 2 Wharton's Prec., 2.

COBB. J.

The plaintiff in error was indicted, tried, and convicted for malicious shooting with intent to kill, etc.

At the trial he moved to quash the indictment, assigning two grounds therefor: *First.* Because on or about the first day of February, 1876, the Hon. A. J. Weaver, judge of the first judicial district, did appoint and fix the time for the holding of the terms of the district court within and for the county of Clay, and other counties within said district, as provided in Sec. 26, of Art. XVI, of the constitution; by reason of such appointments the said judge exhausted the powers and authority so conferred upon him as aforesaid, and that this term of this said court, being since that time fixed and appointed by said judge at another and different time, is without any authority in law. *Second.*

That Hon. A. J. Weaver, the judge of this court, and of, within, and for the first judicial district as aforesaid, is present within said district able and competent, and qualified to act therein as such, but is not present holding pleas herein in this court; whereupon defendant claims that all proceedings herein are without authority of law, and void. Which motion was overruled by the court, and thereupon the defendant presented his motion for an order requiring the prosecutor to elect upon which count of the indictment he will proceed, etc., which motion was also overruled.

Other points were made by the plaintiff in error, both in his petition in error and in his brief. But he afterwards, by stipulation, abandoned all but the above.

Sec. 26, of Art. XVI, of the constitution, is as follows: "Until otherwise provided by law the judges of the district courts shall fix the time of holding courts in their respective districts."

The counsel for the plaintiff in error contends that the power granted to the district judges by the above provision is limited to a single exercise thereof, and becomes exhausted by user. We cannot agree with him in such construction. The language must be understood as granting a continuing power to be exercised whenever proper occasion may arise at any time, until such power be terminated by the legislature acting upon the matter. Otherwise what meaning can be placed upon the words of limitation "until otherwise provided by law."

Sec. 12, of Art. VI, of the constitution is as follows: "The judges of the district courts may hold courts for each other, and shall do so when required by law."

It will be readily seen, from an examination of this section, that the power of a district judge to hold court in a district other than that for which he was elected does not depend upon the absence or disability of the

proper judge, nor upon any other condition, except the consent or permission of the proper judge, which exception arises from the nature of things, and not from the language of the constitution.

The only case cited by counsel, that of *Ellis v. Karl*, 7 Neb., 381, is not in point. One of the questions in that case was, whether in a case pending in the district court of one of the counties of the first district, a temporary injunction allowed by the judge of the second district, without any showing of the absence or disability of the judge of the first district, was properly allowed. In deciding that question the court construed the provisions of the statutes in relation to the powers of judges at chambers, and referred to Sec. 23, of Art. VI, of the constitution, to show that the judges at chambers possess no inherent judicial powers. No reference is made to the section giving the judges the power to "hold court for each other." It need scarcely be said that had such powers been limited or denied by a previous statute, such statute would be repealed *pro tanto* by the constitutional provision.

The only remaining ground of objection is, that the court overruled the defendant's motion to require the prosecutor to elect upon which count of the indictment he would proceed, etc.

The indictment contains two counts but charges but one offense, to-wit, malicious assault and shooting. One count charges the said malicious assault and shooting to have been with intent to kill, and the other charges it to have been done with intent to wound.

The author of Wharton's Criminal Law states the law on this subject to be settled in this country, that the right of election, *i. e.* the right to require the prosecutor to elect, is "confined to cases where the indictment contains charges which are actually distinct and

grow out of different transactions.   The court will not compel the prosecutor to elect upon an indictment charging the prisoner with larceny and receiving stolen goods, etc., where it appears by the indictment that the charges relate to the same transaction modified to meet the proof.   In New York the law has been similarly stated, and in cases of felony, where two or more repugnant offenses are contained in the same indictment, it may be quashed or. the prosecutor compelled to elect upon which charge he will proceed; but such election will not be required to be made when several counts are inserted in an indictment solely for the purpose of meeting the evidence as it may transpire on the trial, the charges being for substantially the same offense.      *      *      *      Whether a court will compel a prosecutor to elect which count to proceed on, rests in the discretion of the court, and cannot be assigned for error." Wharton's American Criminal Law, § 423.

The offenses of maliciously shooting, stabbing, cutting, or shooting at any person with intent to kill, wound, or maim, are provided for in one section of the statute—§ 16 of the criminal code, p. 722, General Statutes.   The penalty for each of such offenses is the same.

The only difference between the two counts of the indictment in this case consists in the difference of the intent with which it is alleged the shooting was done. Such intent could only be gathered from the facts and circumstances surrounding the parties at the time, and the prosecutor might well be in doubt as to what might be the effect of the testimony before the trial jury, and we think the law permitted him to frame two counts, so that whether the jury believed the defendant guilty of having maliciously shot the person named in the indictment with intent to kill, or only

with intent to wound, in either case they might find him guilty.

There being no error in the record, the judgment must be affirmed.

JUDGMENT AFFIRMED.