JOSEPH SNELL

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Criminal Law—Disturbance of the Peace—Indictment—Motion to Quash —Sec. 56, Criminal Code—Practice.*

1.  Where an indictment charges a crime in the words of the statute, additional words may be rejected as surplusage.
2.  Where the certificate of the bill of exceptions does not show that it contains all the evidence and instructions, errors assigned touching these matters will not be considered.

[Opinion filed October 19, 1888.]

APPEAL from the County Court of Wayne County; the Hon. E. C. KRAMER, Judge, presiding.

Mr. RUFUS COPE, for appellant.

Mr. J. R. CREIGHTON, State's Attorney, for appellee.

PHILLIPS, J.  This was an indictment under Sec. 56 of the Criminal Code.  There are two counts, one charging the disturbance of the peace and quiet of a certain family; the other charging the disturbance of the peace and quiet of a neighborhood; in other respects the counts are the same.  The charging part of the first count is, " did disturb the peace and quiet of Lucy Mix, then and there residing, by loud and boisterous language, and by threatening to fight and by fighting and by other disorderly conduct;" and the first error assigned is the overruling a motion to quash the indictment; and the objection taken is, that the words, "and by other disorderly conduct," are so general that they do not charge any acts with sufficient certainty.

The indictment charges a disturbance of a family "by threatening to fight and by fighting," in the words of the

statute ; and while under that section the indictment can not charge an offense except what is made an offense by the statute, still the use of the words, "and by other disorderly conduct," would not render an indictment bad, that it must be quashed. Where the offense is sufficiently charged in other words in the indictment, these words, "and other disorderly conduct," may be rejected as surplusage, and still leave the indictment sufficiently charging an offense in the language of the statute under that section. There was no error in overruling the motion to quash.

The other points raised by the assignment of errors can not be considered by us, as the certificate to the bill of exceptions does not show that either all the evidence or instructions are incorporated in the record.

The judgment will therefore be affirmed.

*Judgment affirmed.*