DWIGHT H. HURLBURT v. STATE OF NEBRASKA.

FILED OCTOBER 20, 1897. No. 9363.

1. Larceny: VENUE. Where property is stolen in one county of this state and is taken by the thief into another, he may be prosecuted and convicted in either county.

2. ———: ———: INFORMATION. Where goods are stolen in one county and carried into another, it is sufficient to lay the offense in the county of the prosecution without setting out the transaction in the other county.

3. Indictment and Information. Averments in an information of matters which are immaterial, and not necessary ingredients of the offense charged, may be rejected as surplusage.

4. ———: COUNTS: VERDICT. A general verdict of guilty against a defendant on an indictment consisting of two or more counts which

charge a single offense, is sufficient without specifying the count on which the jury find him guilty.

5. ———: ELECTION AS TO COUNTS. Where an information contains two counts charging one offense, the prosecutor is not obliged to elect upon which count he will rely for a conviction.

ERROR to the district court for Scott's Bluff county. Tried below before GRIMES, J.   *Affirmed.*

*R. C. Noleman*, for plaintiff in error.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy Attorney General*, for the state.

NORVAL, J.

Dwight H. Hurlburt was tried and convicted of horse stealing in the district court of Scott's Bluff county.   The amended information contained two counts, each charging the defendant with the larceny of the same horses in Scott's Bluff county.   In the second count it is alleged that the accused, "on or about the 8th day of May, A. D. 1896, in the county of Cheyenne and state of Nebraska, did unlawfully and feloniously steal, take, drive, and lead away three yearling horse colts,   *   *   *   all of the value of twenty dollars and more, and all being the personal property of William H. Swan, and thereafter did unlawfully and feloniously take, lead, carry, and drive said colts, so stolen, into Scott's Bluff county, state of Nebraska, and did then and there, on or about the 19th day of June, A. D. 1896, in said county of Scott's Bluff, unlawfully and feloniously take, steal, carry, lead, and drive away said personal property of William H. Swan, all of the value of ($20) twenty dollars and more, and being the same personal property described in the first count of this information."   The first count differed from the above in that it laid the original larceny in Box Butte county, instead of the county of Cheyenne.

It is insisted that the district court of Scott's Bluff county did not have jurisdiction to try the cause, since

the information affirmatively shows that the original larceny of the property was committed in another county; and there is no statute in this state which authorizes a prosecution for larceny in any county where the stolen property may be found in the possession of the thief. It required no statutory provision to confer jurisdiction upon the district court of Scott's Bluff county to try and determine this cause. If the offense was not committed in that county, no statute could authorize the bringing of the prosecution in such county. (*Olive v. State*, 11 Neb., 1; *State v. Crinklaw*, 40 Neb., 759.) For by section 11 of the bill of rights of the constitution of this state a criminal prosecution must be instituted in the county or district where the crime is alleged to have occurred. The crime is laid in the information in Scott's Bluff county. It is true the allegation is that the property in controversy was first stolen by the defendant in another county, but it is likewise charged that the property was taken by the accused into Scott's Bluff county, and that he there stole the same. For the purposes of prosecution and trial the offense is regarded as having been committed in that county. The rule is,—and such was the practice at common law,—that when property is stolen in one county, and it is afterwards found in possession of the thief in another county, he may be prosecuted and convicted in either county, but not in both. (*Hamilton v. State*, 11 O., 435; *State v. Ellis*, 3 Conn., 185; *State v. Bartlett*, 11 Vt., 650; *State v. Bennett*, 14 Ia., 479; *State v. Douglas*, 17 Me., 193; *State v. Ware*, 62 Mo., 597; *State v. Smith*, 66 Mo., 62; *Lucas v. State*, 62 Ala., 26; *Commonwealth v. Rand*, 7 Met. [Mass.], 475.) It is well settled that the offense of larceny is committed in every county into which the thief carries the stolen property. Each asportation into another county is a new and fresh theft. (*Supra.*) In each count the defendant is charged with the larceny of the property in Scott's Bluff county. That alone was sufficient. It was unnecessary to have stated in the information the county in which the original larceny occurred.

(2 Bishop, Criminal Procedure, sec. 727, and cases there cited.) The averments relating to the original stealing in counties other than the one where the prosecution was brought being immaterial, and not necesssary ingredients of the offense charged, may be rejected as surplusage. (*State v. Kendall*, 38 Neb., 817; *Tracy v. State*, 46 Neb., 361; *State v. Harris*, 11 S. E. Rep. [N. Car.], 377; *Snell v. People*, 29 Ill. App., 470; *Adams v. State*, 13 S. W. Rep. [Tex.], 1009; *State v. Kern*, 51 N. J. Law, 259; *State v. Broughton*, 13 So. Rep. [Miss.], 885.) After eliminating from the information the redundant and immaterial averments, there is no repugnance between the two counts.

A general verdict of guilty was returned, without specifying the count of the information under which the defendant was convicted. There was no error in this. But one larceny was charged to have been committed within the county where the trial took place; hence it was not necessary for the jury to have passed upon each count of the information separately. (*Candy v. State*, 8 Neb., 482; *Griffen v. State*, 46 Neb., 282; 1 Bishop, New Criminal Procedure, sec. 1015*a*; *Commonwealth v. Desmarteau*, 82 Mass., 1; *State v. Baker*, 70 N. Car., 530; *Brown v. State*, 105 Ind., 385; *State v. Rounds*, 76 Me., 123.)

There was no error in overruling the motion to require the state to elect upon which count it would proceed to trial because only one crime is charged. (*Candy v. State*, 8 Neb., 482.)

The assignments relating to the rulings of the court upon the admission and exclusion of testimony, not having been argued in the brief or at the bar, are deemed waived.

It is finally insisted that the record is defective, in that the transcript does not give the names of the jurors who tried the cause. This point cannot be considered, for the reason that it does not appear that a full and complete transcript of the proceedings in the lower court is before us. The clerk of the district court merely authenticates certain enumerated papers and one journal entry. For

all that is disclosed by this transcript, the names of the trial jurors are entered upon the record in the court below. No reversible error appearing, the judgment is

AFFIRMED.