WILMOT Z. EMERSON V. STATE OF NEBRASKA.

FILED MARCH 5, 1909. No. 16,004.

Larceny: INSTRUCTIONS. E. was charged with the crime of stealing property in S. county over the value of $100. Upon the theory of the state that said property was feloniously obtained by the accused in C. county and from thence brought into S. county and there sold by the defendant, the court gave the following instruction: "Should you believe from the evidence that the mules described in the information were wont to run upon a range or in a pasture in Cherry county, Nebraska, and if you further believe from all the facts and circumstances in evidence that the said mules were taken from the range in said Cherry county, and if you further believe from the evidence that said mules were brought into Sheridan county by the defendant, and sold by him in Sheridan county, then the crime charged in the information would be complete in Sheridan county." Held prejudicial to the rights of the accused and erroneous.

ERROR to the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. Reversed.

*William Mitchell, R. L. Wilhite* and *Harrison & Prince,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

DEAN, J.

Wilmot Z. Emerson, hereinafter called defendant, was convicted in Sheridan county of unlawfully and feloniously stealing, taking and driving away on or about December 20, 1907, in said Sheridan county, two mules of the value of $200, the property of one William O'Toole, with the unlawful and felonious intent of converting the said property to his own use and without the consent of the owner. The defendant was sentenced to serve a term of five years in the penitentiary, and prosecutes error to this court.

Following is a synopsis of only so much of the record as is necessary to obtain an understanding of one of the assignments of error relied on by defendant and discussed in the opinion: The proof shows that William O'Toole was on the date of the alleged offense, and for several years prior thereto had been, a resident ranchman of Cherry county and an owner of and dealer in horses and mules which he kept for sale upon his ranch in said county, and that the defendant was at said time, and for about two years prior thereto had been, a farmer residing in Sheridan county about 40 miles from the O'Toole ranch; that the animals described in the information were always the property of O'Toole, and on or about one week prior to said December 20 were in his possession upon said ranch in Cherry county, and disappeared therefrom between December 13 and 21, 1907, without the said owner's knowledge or consent; that on or about January 1, 1908, the said animals were by the defendant sold and delivered in Sheridan county to his nearest neighbor, one Robert Patton, for about their value, and kept by Patton on his farm in Deuel county, about four miles distant

from defendant's place, until some time in March, 1908, when O'Toole discovered the whereabouts of his property, and, asserting ownership, obtained possession thereof from Patton. The case was apparently prosecuted by the state on the theory that defendant had stolen the animals in Cherry county, and, having thereafter brought them into Sheridan county, there sold them. For the purpose of this review, the case at bar turns upon an instruction evidently given by the court upon this theory.

Counsel for defendant in oral argument and in their brief recognize and take no exception to the familiar rule of law, which holds in substance that property stolen in one county and by the wrongdoer taken into another county constitutes a continuing offense against the common sovereignty, the state, and that the accused may properly be prosecuted in either county or in any county within the sovereignty into which he may take the stolen goods. *Hurlburt v. State,* 52 Neb. 428; *State v. Smith,* 66 Mo. 61; *Stinson v. People,* 43 Ill. 397; 1 McClain, Criminal Law, sec. 552. But, while admitting the rule, defendant's counsel contend the trial court, evidently having this principle of law in mind, and with the intention of incorporating it in the instructions to the jury, erred in giving instruction numbered 4, and assigns the giving of said instruction, among other alleged errors occurring at the trial, as ground for reversal of the judgment. The instruction complained of is in the following language: "Should you believe from the evidence that the mules described in the information were wont to run upon a range or in a pasture in Cherry county, Nebraska, and if you further believe from all the facts and circumstances in evidence that the said mules were taken from the range in said Cherry county, and if you further believe from the evidence that said mules were brought into Sheridan county by the defendant, and sold by him in Sheridan county, then the crime charged in the information would be complete in Sheridan county." The above instruction does not properly refer to the commission of

the offense of larceny as charged in the information. Every element of the crime for which the defendant at the bar is called upon to plead is ignored in its language. The crime of larceny is not even remotely referred to therein. It contains no reference to any belief the jury may have formed from the evidence as to whether there was or was not an unlawful and felonious taking of the property in Cherry county by defendant. The court in effect instructs the jury that, if they believe from the evidence that the mules described in the information ran upon a range or in a pasture in Cherry county, and were taken therefrom and brought into Sheridan county and there sold by the defendant, such conduct of itself constitutes the crime of larceny "in Sheridan county." We believe the language used is susceptible of no other construction, and as used is obviously prejudicial to the rights of the accused, and hence is fatally defective. There were eight instructions given to the jury by the learned trial court, but not one of them, nor do they all collectively, by their terms, supply the omissions or cure the defects herein pointed out. "It is the duty of the trial court to instruct the jury distinctly and precisely upon the law of the case. * * * The instructions should be full, clear, and explicit, giving to the jury all the law so far as it relates to the facts proved or claimed to be proved, if such facts are sustained by any evidence." 12 Cyc. 611.

Among other errors assigned and argued by counsel for defendant is a summary overruling of a plea in bar, entered in apt time by the accused, without an opportunity to have the issue thus by him interposed tried to a jury. But it is unnecessary to discuss this feature for the reason the judgment must be reversed for the error in giving instruction numbered four.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings in accordance with law.

REVERSED.