## OLIVER STEVENS V. STATE OF NEBRASKA.

FILED JUNE 25, 1909.   No. 15,990.

1. **Information: SEPARATE COUNTS: ELECTION.** Where an information contains two counts charging but one offense, the prosecutor will not be required to elect on which count he will rely for a conviction. *Candy v. State,* 8 Neb. 482.

2. **Assault and Battery: SELF-DEFENSE: EVIDENCE.** Where one charged with assault and stabbing with intent to wound pleads and attempts to prove self-defense as a justification, the state may prove the relative size and physical strength of the parties, together with the weakened physical condition of the complaining witness, as tending to show that the defendant had no reason to believe himself in imminent danger of death or great bodily harm at the time he committed the assault.

3. ———: EVIDENCE: COLLATERAL TRANSACTIONS. It is proper in such a prosecution to exclude evidence of collateral transactions which do not warrant or justify the defendant in making the assault.

4. ———: ———: EXTENT OF INJURY. It is not error to permit the physician who attended the complaining witness, and ministered to him after he was stabbed by the defendant, to testify as to the nature and extent of the wound inflicted, together with his treatment of the same.

5. ———: ———: REPUTATION. In such a case the defendant is entitled by way of justification to prove the general reputation of the prosecuting witness in the community where he resided as a violent, quarrelsome and dangerous man; but he is not entitled

to prove specific acts occurring more than ten years previous to the alleged assault, with which the defendant had no concern.

6. Criminal Law: INSTRUCTIONS. It is not error to refuse an instruction which is not a correct statement of the law applicable to the theory of the defense.

7. Assault and Battery: EVIDENCE: REPUTATION. In such a prosecution, where the defendant attacks the reputation of the prosecuting witness, and introduces evidence tending to show that his reputation in the community where he resides as a peaceable and law-abiding citizen is bad, the prosecution is entitled to contradict such testimony by the evidence of competent witnesses.

8. Instructions examined, and found to contain no prejudicial error.

ERROR to the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed. Sentence reduced.*

*John Everson,* for plaintiff in error.

*William T. Thompson, Attorney General* and *George W. Ayres, contra.*

BARNES, J.

Oliver Stevens, who will hereafter be called the defendant, was convicted in the district court for Harlan county of a violation of section 16 of the criminal code. He was sentenced to a term of two years in the state penitentiary, and brings the case here for review. The information contained two counts. The first charged that on the 27th day of April, 1908, the defendant did feloniously assault one Benjamin Coe with a certain knife, with intent him, the said Coe, then and there unlawfully, maliciously and feloniously to kill. The second count charged that the assault upon the said Benjamin Coe was made with intent to wound. The defendant filed a motion to require the state to elect upon which count of the information it would prosecute him. The court overruled his motion, and he assigns error.

The rule is well settled in this state that, where an information contains two counts charging one offense, the prosecutor is not obliged to elect upon which count he

will rely for a conviction. *Hurlburt v. State,* 52 Neb.
428; *Korth v. State,* 46 Neb. 631; *Candy v. State,* 8 Neb.
482. In the case last above cited the identical question
here presented was involved. The indictment in that case
contained two counts; but as a matter of fact charged but
one offense, to wit, malicious assault and shooting with
intent to kill, and malicious assault and shooting with
intent to wound. It was said: "The only difference be-
tween the two counts of the indictment in this case
consists in the difference of the intent with which it is
alleged the shooting was done. Such intent could only be
gathered from the facts and circumstances surrounding
the parties at the time, and the prosecutor might well be
in doubt as to what might be the effect of the testimony
before the trial jury, and we think the law permitted
him to frame two counts, so that whether the jury believed
the defendant guilty of having maliciously shot the person
named in the indictment with intent to kill, or only with
intent to wound, in either case they might find him
guilty." And it was held that the state would not be
required to elect upon which count of the indictment it
would rely for a conviction. So in the case at bar the
district court did not err in overruling the defendant's
motion.

Before discussing the other assignments of error, it is
proper for us to state the facts which are clearly estab-
lished by the undisputed testimony contained in the bill
of exceptions. The defendant and the complaining wit-
ness, Benjamin Coe, resided on adjoining farms in Harlan
county, Nebraska. At one time they had been on quite
friendly terms, but for about eight years prior to the
commission of the offense charged in the information the
relations between them had been so strained that they
rarely, if ever, spoke to one another when they met. On
April 27, 1908, the defendant was working in his field
about 20 rods from the public highway. He saw the com-
plaining witness passing, and quit his work and went to
the side of the fence next to the road along which Coe was

traveling. He climbed over the fence into the road, and thereupon some words were exchanged between them, and he struck Coe with a knife, inflicting a wound upon the abdomen, which was at least seven inches in length and of considerable depth. The defendant himself was uninjured. As above stated, there is no dispute in regard to any of the foregoing facts. The defendant admits that he stabbed Coe, but claims that he stabbed him in self-defense. Coe, on the other hand, denied that he attempted or was about to assault the defendant, and testified that at the time of the assault he was in a weakened condition physically, not having fully recovered from a serious illness from which he had suffered the previous winter. It will thus be seen that the only question in dispute between the parties was whether or not the defendant was justified in making the assault which he committed upon the prosecuting witness. With this statement of facts, we come now to consider the defendant's remaining assignments of error.

He contends that the court erred in allowing the complaining witness to testify as to his alleged physical condition. The defendant having admitted that he stabbed Coe, and claimed that the act was done in self-defense, the physical health and strength of the prosecuting witness at the time he was stabbed was a proper matter for the consideration of the jury in determining whether the defendant was in such real or apparent danger at the time he inflicted the wound complained of as to justify his action. In 25 Am. & Eng. Ency. Law, p. 282, it is said: "Evidence of the relative physical strength of the deceased and the accused is admissible when self-defense is the justification." In *Hinch v. State,* 25 Ga. 699, where the prisoner was on trial for murder, and where self-defense was pleaded, it was held, that it was competent to prove on the part of the prosecution that the prisoner was a large, and the deceased a small, man. It appears that the defendant himself recognized this rule, for he testified as to his own weight and age, and brought out on the cross-

examination the age and weight of the complaining witness. Again, his counsel in his brief refers to the relative size of the two men, evidently considering that he strengthened his theory of self-defense when he showed that Coe was the younger and heavier man. Without doubt he had a right to show those things, and, on the other hand, the state had a right to show that the prosecuting witness at the time he was stabbed was in a weakened physical condition, and had not recovered from a severe attack of typhoid fever. This rule is too well settled to require further discussion, and we are therefore of opinion that this evidence was properly received.

Defendant also contends that the trial court erred in sustaining certain objections to the cross-examination of the complaining witness. This assignment strikes at the ruling on the following question: "You knew that Mr. Stevens had signed that road petition?" The state objected to the evidence as immaterial, irrelevant, and improper cross-examination. The record shows that the prosecuting witness had stated to some one that the persons who signed a certain petition for the establishment of a road which he opposed were liars, or words to that effect. Even if this were true, which is strenuously denied, it would constitute no justification for the defendant's attack upon the complaining witness, and therefore the matter was properly excluded from the consideration of the jury.

It is further contended that the court erred in overruling the defendant's objection as to the testimony of one Dr. Conklin. It appears that Dr. Conklin was one of the physicians called to attend the complaining witness after he had been stabbed by the defendant. It was proper and competent to prove by him the nature and extent of the injury as a circumstance tending to show the intent with which the assault was committed. It is claimed, however, that he should not have been permitted to testify as to what he did in the way of treating

the wound which he found upon the person of the prosecuting witness. We think this testimony was competent, and, in any event, we are unable to discover how the defendant could in any manner have been prejudiced thereby.

It appears that one Chester Keith was called as a witness, and interrogated as to the general reputation of the prosecuting witness as to being a violent and quarrelsome man. In answer to the question as to what his reputation was, he said: "A very quarrelsome man. He would quarrel with anybody that would say one word, or give him any chance at all." The last clause of the answer was stricken out on motion of the state, but the words, "very quarrelsome man," were allowed to stand. Defendant assigns error in striking out the clause above mentioned. To our minds the ruling of the district court was correct. The answer should have been confined to the general reputation of the complaining witness, and the evidence thus volunteered was certainly incompetent.

Defendant further complains of the order striking out the testimony of the witness Goodban as to the reputation of the defendant himself as a peaceable and law-abiding citizen. It appears that the witness testified as follows: "Q. Are you acquainted with Mr. Stevens there, and his reputation as to being a peaceable and law-abiding citizen? A. I think so. Q. What is it, good or bad? A. Why, nothing was ever spoken against him until this affair come up that I know of." The state moved to strike out this answer of the witness as not responsive to the question, and the motion was sustained; but the defendant was not prejudiced thereby, for the witness was permitted to answer the question, and stated that defendant's reputation was good.

The defendant assigns error in excluding his own evidence that the complaining witness, some ten or twelve years before the assault in question was committed, threatened to assault one Arthur Garrison. We think that this evidence was properly excluded. Without

doubt the defendant was entitled to prove the general reputation of the complaining witness as a violent, quarrelsome and dangerous man, and it is equally clear that the testimony should be confined to such general reputation. It should not be extended to specific acts, especially those occurring more than ten years previous to the alleged assault, and with which defendant had no concern. In *Thomas v. People*, 67 N. Y. 218, the prisoner offered to prove that the deceased had been engaged in several fights with other parties, in each of which he used a knife and cut his opponent, also declarations of the deceased as to his cutting people with razors, and that all these matters had been communicated to the prisoner. The offers were overruled, and it was held that by the ruling the trial court committed no error.

Defendant further assigns as error the refusal of the court to give the jury instruction No. 4 asked for by him. Without quoting the instruction tendered, it is sufficient to say that it assumed that the complaining witness was a man of violent temper, and had on previous occasions attempted to use a knife upon an opponent in a quarrel. Whether Coe was a man of violent temper or not was a question of fact. There is some testimony in the record tending to show that he was, and, on the other hand, there is considerable evidence that he was not. Therefore the court was not warranted in giving an instruction which virtually informed the jury that the fact of the complaining witness' violent temper might be considered as established. The instruction was further objectionable because it assumed that the defendant had seen Coe on previous occasions attempt to use a knife upon an opponent in a quarrel, for there is no evidence in the record to that effect. Some testimony was given by the defendant himself tending to show that he had seen the complaining witness draw a knife when engaged in a quarrel, not a fight, with another; but there is none to the effect that he ever saw him attempt to use his knife upon another. Again, the concluding sentence of the instruc-

tion informed the jury that, if they believed from all of the facts and surrounding circumstances that the defendant struck Coe in the honest belief that he was in imminent danger of being attacked, then he would not be guilty. Nothing was said therein with regard to the nature of the attack or the danger to be apprehended therefrom. To justify the wounding of the complaining witness by the defendant upon the ground of self-defense, it was necessary that it should appear that the defendant in inflicting the wound was acting upon the reasonable belief that it was necessary to use the force he did in order to save his life or prevent the complaining witness from doing him serious bodily injury. The instruction was therefore properly refused.

Defendant complains of the ruling of the trial court admitting the evidence of certain of the state's witnesses tending to show that the general reputation of the complaining witness as a peaceable and law-abiding citizen in the community where he resided was good. It appears that on the trial the defendant attacked the reputation of the prosecuting witness, and this evidence was proper to contradict the testimony which had been produced by the defendant on that question.

Defendant complains of several of the instructions given by the trial court on his own motion. To consider each of them separately would render this opinion much too long. It is sufficient to say that a careful examination of the instructions taken together as a whole clearly shows that the jury were properly and carefully instructed upon the law of this case. In fact the instructions were more than favorable to the defendant. His theory of the case was so fairly presented to the jury that he has no reason to complain.

A careful examination of the record satisfies us t' the defendant was accorded a fair and impartial t..., and that the verdict is amply sustained by the evidence. We are of opinion, however, that the facts and circumstances surrounding the transaction require us to reduce

the punishment in this case to imprisonment in the penitentiary for the term of one year. The judgment of the district court to that extent is modified, and as so modified is affirmed.

JUDGMENT ACCORDINGLY.