CHARLES KIRKENDALL, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

42 N. W. 2d 374

Filed April 27, 1950. No. 32770.

*J. L. Gagnon,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyer,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

An information charged that on or about July 24, 1949, in Richardson County, defendant made an assault with intent to inflict great bodily injury upon the person of George A. Larimore, hereinafter called complainant. Upon a plea of not guilty, defendant was tried to a jury, which found him guilty of the included lesser offense of assault and battery. His motion for new trial was overruled, and he was sentenced to serve 75 days in the county jail at hard labor, and pay the costs of prosecution.

He prosecuted error therefrom to this court, assigning substantially that: (1) The evidence adduced was insufficient to warrant submission to the jury of the offense charged, particularly relating to the issues and elements of venue and intent; (2) that the court erred in refusing defendant's requested instructions Nos. 7 and 8, thus depriving him of the benefit of the issue of self-defense; (3) erred in giving instruction No. 9, because it allegedly assumed that defendant had committed an assault upon complainant; and (4) that the sentence was excessive. We conclude that the assignments should not be sustained.

We have examined instruction No. 9 given by the trial court, in the light of defendant's contentions, all other instructions given, and section 29-2308, R. R. S.

1943. The language of the instruction simply undertook to and did correctly define the term "great bodily injury" as distinguished from an ordinary assault and battery. The court therein did not assume to relieve the jury of consideration of any element necessary to establish defendant's guilt. All of such elements and material allegations were fairly, fully, and correctly submitted in other instructions given by the trial court. We may assume for the purpose of argument that the instruction considered by itself or separately might be subject to criticism or incomplete, and yet hold, as we do, that the giving of it was not prejudicially erroneous.

The applicable rule was recently reaffirmed in Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868, wherein it was held: "Where instructions, considered as a whole, state the law fully and correctly, error will not be predicated therein merely because a separate instruction, considered by itself, might be subject to criticism.

"Where the charge to the jury, considered as a whole, correctly states the law, the verdict will not be reversed merely because a single instruction, when considered separately, is incomplete."

We conclude that defendant's third assignment has no merit.

We are required to dispose of the other assignments in the light of the evidence and applicable rules of law. Evidence adduced by the State may be substantially summarized as follows: Complainant, a mature man, was, on Saturday night, July 23, 1949, and the early morning hours of Sunday, July 24, 1949, employed by his mother in a night spot operated by her just across the viaduct south of Falls City. Defendant, a mature married man, who farmed near Barada, arrived at the night spot about 1:30 a. m. He was accompanied by a male companion and his companion's girl friend. About 2:30 a. m. they left the place and it was closed. At that time complainant and defendant were on friendly terms.

About 15 or 20 minutes later, complainant and his mother heard women screaming a short distance outside the building. Thereupon complainant ran outside, and his mother turned on the neon outside lights circling the building on the north, east, and south sides. A short distance, 30 to 35 feet southeast of the building, complainant found defendant's wife and the girl friend of defendant's companion engaged in a fight. Defendant was then standing near his pick-up truck, although he theretofore had been fighting with and had knocked down two or three other men who had accompanied his wife to the place. Complainant separated the two women, took hold of the arm of defendant's wife, and led her to one side, whereupon defendant, without any warning to or provocation by complainant, struck complainant from the rear on the back of his head or neck, thereby knocking him down and out, unconscious. Thereafter, as complainant thus lay on the ground, defendant kicked him in the face two or three times.

When complainant's mother saw her son thus struck, knocked down, and kicked by defendant, she rushed out to him, whereupon defendant also struck her, knocking her down and out, unconscious. Bystanders helped carry complainant and his mother into the building, where they became conscious. The blood was washed from complainant's face, and arrangements were made for medical attention.

When asked whether the foregoing events all happened in Richardson County, complainant answered "Absolutely," which from other answers made by him could be construed only as an affirmative answer.

As a result of the attack, complainant's glasses and false teeth were broken, and he described numerous cuts, lacerations, contusions, and abrasions received by him. His physician testified that complainant had four cuts around his swollen right eye, requiring three stitches, a deep cut or laceration through his lower lip extending to the attachment, which also required three

stitches. Two photographs appear in the record disclosing the extent of complainant's facial injuries, and his physician testified that he would have permanent scars as a result of the assault made upon him by defendant.

One of defendant's witnesses testified that he drove up while the fight was in progress, and saw defendant hit complainant two or three times, but did not see defendant kick him. Defendant in his own testimony admitted that if complainant were the man who had hold of his wife's arm, he, defendant, pushed him away and struck at him three or four times, but defendant denied that he kicked any one, and claimed that he did not know who complainant was because he had been in a fight with other men and the car lights blinded him.

There was no competent evidence whatever appearing in the State's case or in evidence adduced by defendant tending to justify or require submission of the issue of self-defense in defendant's behalf.

In that regard, as stated in 6 C. J. S., Assault and Battery, § 128, p. 1007: "The court should fully and correctly instruct as to matters of justification interposed by the accused only when there is some evidence tending to put such matters in issue."

The general rule in this jurisdiction is that: "Where the evidence received in a criminal case contains no testimony to which an instruction relating to 'self-defense' would be applicable, no error is committed by the trial court's refusal to instruct thereon." Schleif v. State, 131 Neb. 875, 270 N. W. 510. See, also, Stevens v. State, 84 Neb. 759, 122 N. W. 58; Krchnavy v. State, 43 Neb. 337, 61 N. W. 628.

The foregoing rules are controlling in the case at bar. We conclude that the trial court did not err in refusing defendant's requested instructions Nos. 7 and 8. Therefore, defendant's second assignment has no merit.

Defendant argued in his brief that the State failed to establish the venue of the offense. In that connection, this court held in Clarke v. State, 125 Neb. 445, 250 N.

W. 551, following Weinecke v. State, 34 Neb. 14, 51 N. W. 307, that: "The venue of an offense may be proved like any other fact in a criminal case. It need not be established by direct testimony, nor in the words of the information, but if from the facts in evidence the only rational conclusion which can be drawn is that the crime was committed in the county alleged, the proof is sufficient." See, also, Clark v. State, 151 Neb. 348, 37 N. W. 2d 601. That rule is controlling here, and we conclude that defendant's contention has no merit.

That defendant committed an unlawful assault upon complainant as charged was established by ample direct or objective evidence. The jury could have reasonably concluded that the injuries received therefrom by complainant were of a grave and serious character. Whether or not defendant made such an assault with intent to inflict great bodily injury was a question for the jury, under all the facts and circumstances.

In State v. McDaniels, 145 Neb. 261, 16 N. W. 2d 164, this court held: "Specific intent is an essential element in the crime of assault with intent to inflict great bodily injury and proof thereof is indispensable to sustain a conviction, but such intent is ordinarily inferable from the facts and circumstances, inclusive of the assault.

"The intent with which an act is done is a mental process, and as such generally remains hidden within the mind where it is conceived, and is rarely, if ever, susceptible of proof by direct evidence, but may be inferred, or gathered from the outward manifestations, by the words or acts of the party entertaining them, and the facts or circumstances surrounding or attendant upon the assault with which it is charged to be connected.

"It is a general rule applicable in all criminal cases, including those where a specific intent is an element of the crime, that accused, if sane, is presumed to intend the necessary or the natural and probable consequences of his unlawful voluntary acts, knowingly performed.

"Such a presumption, although rebuttable in cases

where specific intent is an element of the crime, is sufficient to establish a prima facie case as to intent and will prevail unless from a consideration of all the evidence the jury entertain a reasonable doubt whether such intention existed."

The foregoing rules are controlling herein upon the question of intent. We conclude that defendant's first assignment has no merit, since the record discloses ample evidence to have supported a verdict finding defendant guilty as charged. By analogy, of course, it was sufficient to sustain the verdict finding defendant guilty of assault and battery, the lesser offense included in the greater.

Finally, defendant argued that the sentence imposed was excessive and should be reduced by this court, as authorized by section 29-2308, R. R. S. 1943. In that connection, the penalty provided by section 28-411, R. R. S. 1943, upon conviction for assault and battery, is a fine not exceeding $100, or imprisonment in the county jail not exceeding three months.

In Bright v. State, 125 Neb. 817, 252 N. W. 386, this court held: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion."

Under the facts and circumstances presented here, we find no abuse of discretion by the trial court, and conclude that the sentence imposed was not excessive.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.