2d 220; Elm Creek State Bank v. Johnson, 195 Neb. 131, 236 N. W. 2d 838.

AFFIRMED.

STATE OF NEBRASKA, APPELLEE, V. GLENN M. CRUSE, APPELLANT.

270 N. W. 2d 316

Filed October 11, 1978. No. 41787

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, C. J., PRO TEM.

Defendant appeals his conviction for the offense of assault with intent to inflict great bodily injury. His only assignment of error is that the District Court committed reversible error in failing to sustain defense objections to expert medical testimony. We affirm.

On the evening of October 31, 1976, the complaining witness, Joann Hatthorn, went to a bar in Omaha with her niece, Kathy Adams, and her niece' roommate, Luann Brenning. Defendant, who was in the bar, began talking to Luann, his former girl friend. Joann had never met the defendant before. Shortly thereafter, Joann and Kathy were ready to leave, and they went out of the bar. A few minutes later Joann returned inside to get Luann. Joann came back to the car and sat behind the wheel. Defendant came outside and threw a glass at the car. He entered the car on the passenger's side and crawled over Kathy to get to Joann. Joann got out of the car and defendant followed. Defendant accused Joann of calling him a name and he struck her in the face with his fist. Joann fell to the ground and defendant kicked her two or three times in the face. Joann testified the next thing she remembered she was in the hospital. Surgery was performed and her jaw was wired shut. Joann checked herself out of the hospital a day after the surgery. Five photographs of her taken on that date were received in evidence.

Kathy Adams testified that she observed the defendant strike Joann in the face and kick her two or three times after she was down.

The issue on appeal concerns the testimony of Doctor Dennis Bresnahan who was in attendance at the emergency room of St. Joseph's Hospital on the evening of October 31, 1976. When asked if he recalled receiving a patient by the name of Joann Hatthorn in the emergency room that evening, he stated: "Not specifically, but upon reviewing the chart, I did examine her * * *." He was asked to examine the photographs of the complaining witness, whereupon he stated: "'I recognize her as the lady sitting in the first row (Indicating), but if I was asked to say who this lady was, I would have to say that I don't know who it is." Over objection, the doctor was permitted to testify the records showed

the patient had a fractured jaw and abrasions and soft tissue swelling around the eyes and over the face. The patient was treated for pain and admitted to the hospital.

Defendant argues: "Without proof beyond a reasonable doubt that the injuries that Dr. Bresnahan testified to were in fact the injuries sustained by the victim, the evidence is insufficient as a matter of law to sustain the conviction since there was no proof of the seriousness of the injuries." This contention is frivolous. Proof that great bodily injury actually occurred is not an essential element of the crime charged. See State v. Lang, 197 Neb. 47, 246 N. W. 2d 608 (1976).

The essential element is that the defendant intended to inflict great bodily injury. This is evident from his kicking her in the face after he had knocked her to the ground by a blow to the face. In State v. Judd, 200 Neb. 344, 263 N. W. 2d 487 (1978), we said: "Specific intent is an essential element in the crime of assault with intent to inflict great bodily injury, and proof thereof is indispensable to sustain a conviction. Because the intent with which an act is done exists only in the mind of the actor, its proof must be inferred from the act itself and from the facts surrounding the act." There definitely was sufficient evidence in the record from which to infer the intent without the medical testimony.

While testimony by a physician who attended the complaining witness as to the extent of the injuries is relevant as tending to establish the element of intent, Stevens v. State, 84 Neb. 759, 122 N. W. 58 (1909), it has never been held that such evidence is required to be introduced. In this case the physician had no question Joann Hatthorn was the person he treated in the emergency room. He just did not recall her name.

The record is clear. Defendant struck Joann Hatthorn in the face with his fist, and then kicked

her two or three times in the face after she had fallen. She testified as to her injuries, and photographs of her taken after her release from the hospital were received in evidence. This evidence was clearly sufficient to establish the intent to inflict great bodily injury. While the medical testimony was admissible, on the record herein it was at most merely cumulative. Even if it had been inadmissible, its admission would be harmless error. Admission of irrelevant evidence is not reversible error unless there is prejudice to the defendant or he is prevented thereby from having a fair trial. State v. Martin, 198 Neb. 811, 255 N. W. 2d 844 (1977).

The judgment is affirmed.

AFFIRMED.