## FRED GROSSMAN V. STATE OF NEBRASKA.

FILED OCTOBER 1, 1895.    No. 7713.

46  21
48  256
46  21
53  345

1. **Criminal Law**: STATEMENTS OF COUNSEL: EVIDENCE: RE-VIEW.   Mere statements made by a counsel in the course of an argument, even though contained in a bill of exceptions, cannot be considered as evidence of the facts so stated.

2. **Conflicting Evidence**: REVIEW.   Facts determined upon consideration by the district court of contradictory affidavits will be presumed by the supreme court to have been fully established by the proofs.

ERROR to the district court for Lancaster county.   Tried below before HOLMES, J.

*R. D. Stearns*, for plaintiff in error.

*A. S. Churchill, Attorney General*, and *George A. Day, Deputy Attorney General*, for the state.

RYAN, C.

The plaintiff in error was convicted in the Lancaster county district court of unlawfully and feloniously receiving stolen property of the value of $63.

The first error argued is that the court erred in ordering five talesmen to be called to fill the panel.   The grounds of objection alleged to this procedure are that in the first instance the court, upon request, had directed a special panel to be drawn, and before this panel was exhausted had required the sheriff to call talesmen for the trial of this cause.   In the bill of exceptions we find a *venire facias* requiring the sheriff to summon twenty persons named to serve as petit jurors.   This was served upon eighteen of the persons named and required their attendance forthwith.   This venire was issued and served February 19, 1895, and on the same day the jury in this case was impaneled.   The record of the proceedings of the court in this trial recited

that "the impaneling of the jury herein was entered upon, and the regular panel of petit jurors being exhausted and the jury in the case not being complete, it is by the court ordered that the sheriff of Lancaster county be, and he is hereby, ordered to call talesmen qualified to serve as jurors in this case, to which the defendant duly excepts," etc. There was no affidavit filed as to what proceedings were in fact had in court. The bill of exceptions recites what was said by the counsel for the plaintiff in error, to the effect that while twenty persons had been summoned but three were present; that the court had excused jurors from the panel without counsel for the accused being present or having knowledge of that fact. These statements of the counsel, while they may have been in fact true, were not evidence. This being the case, we have before us no proof of the existence of the facts showing the alleged abuse of discretion by the district court.

There are matters complained of, for instance, the permitting of outbursts of applause, the separation of one juror from the others contrary to the direction of the court in that regard, and the fact that there was an earnest conversation between the county attorney and a juror before the trial was concluded and after its commencement. It is a sufficient answer to this class of objections to say that these matters were matters of fact considered and determined by the district court upon conflicting evidence and that there is perceived no reason for interfering with the conclusions reached.

The evidence adduced by the state was amply sufficient to justify the conviction complained of if the jury believed it in preference to that offered by the plaintiff in error in contradiction.

We find no errors in regard to the instructions as given or as refused. Indeed, if in any single one there was error we would be powerless to review it, for all the instructions were grouped in two classes in the assignment of er-

rors in the motion for a new trial,—the one pertaining to instructions given; the other, to those refused.

The record has been carefully examined and re-examined in the light of the brief presented by the plaintiff in error, but without any substantial ground of complaint being found.    The judgment of the district court is

AFFIRMED.