DAVID M. HOUGH ET AL., APPELLEES, V. JAMES E. STOVER ET AL., APPELLANTS.

FILED DECEMBER 7, 1895.    No. 5847.

1. **Erroneous Judgments:** COLLATERAL ATTACK. In a collateral proceeding a judgment irregularly rendered cannot be assailed on that ground, provided the court which rendered such judgment had proper jurisdiction.

2. **Review:** CONFLICTING EVIDENCE. Questions of fact determined upon conflicting evidence will not be reviewed in the supreme court.

APPEAL from the district court of Douglas county. Heard below before HOPEWELL, J.

*Andrew Bevins* and *Lake, Hamilton & Maxwell,* for appellants.

*Henry P. Stoddart* and *William E. Healey, contra.*

RYAN, C.

The appeal in this case is from a judgment subjecting certain real property in Douglas county to the payment of a judgment in favor of appellees against James E. Stover. This real property had been conveyed by James E. Stover

and his wife to William H. Duffield, by whom it was conveyed to Fred Bitterolf, whose daughter was the wife of James E. Stover.

The first question argued is that the judgment, for which the real property was decreed liable, was rendered against James E. Stover alone, whereas the action was brought against James E. Stover and Annie Stover, copartners as James E. Stover & Co. It is insisted that the judgment should have been rendered against the firm, for the reason that firm property should be applied to the payment of partnership indebtedness before the debt of an individual member of the firm should be paid therewith. This objection hardly comes with a good grace from the individual partner whose debt has been paid, and at any rate the judgment was not void. Possibly the district court, if its attention had been properly called to this condition of affairs in the suit wherein judgment was rendered against James E. Stover, might have corrected such irregularity, if found to exist, and require correction. It is clear, however, that the alleged irregularity can avail nothing in the case under consideration, for the court had jurisdiction of James E. Stover. (*Taylor v. Coots*, 32 Neb., 30; *Trumble v. Williams*, 18 Neb., 144.)

It would subserve no useful purpose to detail at length or even to epitomize the evidence upon consideration of which the district court found the conveyance of James E. Stover and his wife fraudulent as against creditors, for, as is quite common, it is found scattered through a series of transactions, each of which considered singly does not sufficiently establish fraud, yet, when considered in their relations to each other, the aggregation of proofs is quite convincing. It is sufficient for all purposes to say, generally, that there was sufficient proof of fraud to justify the finding made in that respect by the district court. Its judgment is therefore

AFFIRMED.