SARAH J. FAIRFIELD V. ANDREAS KERN ET AL.

FILED MAY 6, 1896. No. 6347.

1. **Instructions: ASSIGNMENTS OF ERROR.** Errors in respect to giving instructions must be assigned separately, and if assigned in groups will be considered no further than to ascertain that one of the instructions complained of was properly given.

2. **Review: SUFFICIENCY OF EVIDENCE.** Where there is sufficient evidence to sustain a verdict it will not be set aside, notwithstanding the court might have found differently from the jury upon the testimony.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.

*C. S. Polk* and *Beeson & Root,* for plaintiff in error.

*Matthew Gering, contra.*

HARRISON, J.

In the petition in this action it was alleged, in substance, that on or about the 1st day of May, 1886, the plaintiff leased to defendants certain property situated

in an addition to the city of Plattsmouth, for the term of one year, at a rental of $20 per month, payable monthly in advance, and on the 14th of the month mentioned the defendants took possession of the premises and continued in possession until May 14, 1887, at which time the property was again leased to them for a year at an agreed monthly consideration of $15, payable for each month of the term in advance; that their possession under the agreement last stated continued until April 14, 1888; that payments were made of rent moneys in the sum of $320.20; that there was a balance due plaintiff of $84.80; that by reason of the negligence and carelessness of defendants while living in said house and on the premises, they became dirty and out of repair and the plaintiff was obliged to spend the sum of $15 for cleansing and repairing them after defendants had left them.  The plaintiff prayed judgment for the sum of $99.80 and interest. Defendants, for answer, denied each and every allegation of the petition, except such as were specifically admitted. The defendant, Mary Kern denied an indebtedness to plaintiff and pleaded that at the time of the making of the contract of lease she was the wife of Andrew Kern and the contract had no reference to her separate property, trade, or business.  It was further pleaded in the answer as follows: "That the defendant, further answering, states that he has paid the plaintiff all sums of money due her, and that he specifically denies that he agreed to pay the plaintiff the sum of $20 per month for the rent of the premises, or that he agreed to pay $15 per month therefor except a portion of the time, and that he has paid said plaintiff all sums due her under and by virtue of said contract.  Defendant admits that he occupied said premises during the time stated in said petition, and that he paid her the sum of $320; denies that said premises were injured by the negligence of defendant, but that he necessarily expended the sum of $25 for the repair of said premises.  Defendant, for a counter-claim, alleges and avers that at her special instance and request

he boarded said plaintiff for a period of about thirteen weeks, and that said board was reasonably worth the sum of $39, no portion of which sum has ever been paid, although requested; that there is now due defendant Andreas Kern from the plaintiff the sum of $25 for repairs upon said premises, and $39 for board, wherefore defendant demands judgment against the plaintiff for the sum of $64, with interest from May 14, 1887, besides costs of suit." The reply was a general denial of all new matter contained in the answer. There was a trial of the issues before the judge and a jury, which resulted in a verdict and judgment in favor of defendant in the sum of $2.20, to reverse which the plaintiff has prosecuted error proceedings to this court.

Some objections are urged, in the argument, to certain of the instructions to the jury. The assignment of error in respect to the action of the judge in giving the instructions was in the following language: "The court erred in giving paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the instructions given by the court on its own motion." Instruction numbered 8 was unobjectionable, and this being determined, according to the well established rule of this court, this assignment of error will not be further examined or considered. Errors as to giving instructions should be separately assigned, and if assigned in a group will be examined no further than is necessary to ascertain that the action as to any one of such instructions was proper. (*Kaufmann v. Cooper*, 46 Neb., 644; *Grossman v. State*, 46 Neb., 22.)

The evidence on the part of the plaintiff was mainly directed toward establishing that the amount of rent to be paid by the defendants during the first year was the sum of $20 per month, and for the second $15 per month, while, on the other hand, the defendants sought to show that it was $15 per month during the first and $12 per month during the second year. We might possibly not agree with the jury upon the evidence presented to us in the record, but it was conflicting, and there was sufficient

evidence to sustain the verdict rendered, and it will not be set aside. (*Converse v. Meyer*, 14 Neb., 190; *Hough v. Stover*, 46 Neb., 588.) From an investigation of all the evidence we conclude that the jury must have rejected the evidence as to all of the controverted questions except the ones we have before indicated as being the ones mainly litigated, and not allowed the plaintiff anything on the claim for repairs, etc., or the defendants on the claims for boarding plaintiff and repairing the premises, and the amount for which they returned a verdict in favor of defendants would necessarily be a sum of overpayment of the real amount due of the rent for the whole time the defendants occupied the premises belonging to plaintiff, and if this be true, as we conclude, then it must be further said that to the extent any such recovery was granted, it was erroneous, as there was no allegation or claim in the defendants' answer of or for any amount of money as overpaid on the rent. The defendants may, within thirty days, file a remittitur of the sum of $2.20, and if they do so the judgment in their favor may be affirmed, and if not, the judgment will be reversed and cause remanded to the district court for further proceedings.

JUDGMENT ACCORDINGLY.