ARTHUR BRIGHT V. STATE OF NEBRASKA.

FILED JANUARY 19, 1934. No. 28752.

*Hugh J. Boyle* and *H. F. Barnhart,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CLEMENTS, District Judge.

CLEMENTS, District Judge.

The defendant, Arthur Bright, was charged in the information with the offense of carrying concealed, on or about his person, a certain loaded automatic pistol.

He was convicted of this offense and sentenced to the penitentiary for one year, and prosecutes error to this court.

The petition contains eight assignments of error. Six only of these are urged in the brief and of these but three need be considered at any length.

The first error assigned is that the court erred in overruling the motion of defendant to quash the indictment. This motion is based upon the theory that the offense of carrying concealed weapons, created by section 28-1001, Comp. St. 1929, is not a felony, because a penalty less than confinement in the penitentiary may be imposed for its violation, and that the use of the term "feloniously" in the information is prejudicial. This theory is untenable.

Section 29-102, Comp. St. 1929, defines "felony" as:

"Such an offense as may be punished with death or imprisonment in the penitentiary. Any other offense is denominated a 'misdemeanor.'"

Section 28-1001, Comp. St. 1929, provides:

"Whosoever shall carry a weapon or weapons concealed

on or about his person such as a revolver, pistol, * * * shall on conviction be fined in any sum not exceeding one thousand dollars or imprisoned in the state penitentiary not exceeding two years."

It is apparent that, under the charge in the information, the defendant could be, and in fact he was, sentenced to imprisonment in the penitentiary. He was, therefore, charged with, and convicted of, a "felony."

The general rule for the construction of statutes, such as this, is found in Corpus Juris, under the title "Criminal Law:" "In most jurisdictions a crime is a felony under such a statute, if it may be punished by imprisonment in a penitentiary or a state prison, although the court or jury may have the discretion to reduce the punishment to imprisonment in a jail or to a fine." 16 C. J. 56.

"Where an offense is not designated by the statute which creates it, either as a felony or misdemeanor, but its punishment is prescribed, then the grade of such offense is determined by the punishment." 16 C. J. 56.

The information in this case charged a felony, and the use of the term "feloniously" in the information was not prejudicial to the defendant.

This court has held in several cases that the use of the term "felonious" in an information is unnecessary, but the court has never held that it is erroneous or prejudicial. In *Richards v. State,* 65 Neb. 808, the court said:

"Its use would, it is true, have the sanction of custom, but not of utility or positive law."

The general rule is stated in 31 C. J. 700: "An unnecessary employment of the term 'felonious' does not, however, vitiate the indictment."

The motion to quash was properly overruled.

The second assignment of error is: "The court erred in overruling the defendant's objection to and admitting exhibit A (the revolver) in evidence."

The defendant contends that there was a fatal variance between the allegations of the information and the proof,

in that the weapon offered in evidence, exhibit A, was not the weapon described in the information. The information describes the weapon as a "certain loaded automatic pistol." Exhibit A is shown by the evidence to be the weapon found on the person of the defendant at the time of his arrest. It is a short firearm, designed to be held and aimed in one hand. It has no revolving cylinder. The cartridges are contained in a magazine, which inserts in the handle or butt. The action is automatic, the recoil from one discharge bringing forward and injecting into the chamber of the weapon another cartridge.

"Pistol" is defined as: "A short firearm intended to be aimed and fired from one hand. Pistols are now usually either revolvers, or automatic, or semiautomatic, magazine pistols."

"Revolver" is defined as: "A firearm (commonly a pistol) with a cylinder of several chambers or, formerly, several barrels so arranged as to revolve on an axis, and be discharged in succession by the same lock." Webster's New International Dictionary.

It is quite evident from these definitions that exhibit A is an automatic pistol as described in the information. It is true that one of the witnesses, in describing the weapon, used the term "revolver." The terms pistol and revolver are used in common parlance indiscriminately as applying to either class of weapons. Strictly, however, a revolver must have a revolving cylinder, chambered for cartridges.

There was no variance between the information and the proof offered.

The third, fourth, and fifth assignments of error relate to the instructions of the court, given on his own motion, and instructions offered by defendant and refused. We have examined the instructions given and find they state the law and are applicable to the facts proved. The instructions offered by defendant were properly refused.

The last assignment of error that we need to notice is: "The court erred in imposing sentence in the penitentiary

in the state of Nebraska against the defendant upon the evidence adduced at the trial."

Section 28-1001, Comp. St. 1929, was enacted under the police power of the state, and to conserve the safety of its citizens. Realizing that its infraction might consist of a mere technical violation, with no criminal intent or a violation involving moral turpitude, and danger to life or limb, the legislature gave to the trial court great latitude in the impositions of a penalty. In the case of a technical violation, the penalty may be as small as a fine of one dollar. In an aggravated case, it may be as great as two years in the penitentiary.

It may be conceded that, if the story of the defendant is taken at its face value, viz., that at the time of his arrest, he was taking the weapon in question to a man with whom he had negotiated a sale, that he had no intention of concealing it, but had placed it between the cushion and the back of the seat in which he was riding, where it was found by the officers, then a sentence of one year in the penitentiary is out of proportion to the offense.

If, however, as testified by the officers making the arrest, he was driving upon the streets of Norfolk while in an intoxicated condition, at an excessive rate of speed, and, when stopped, he was found to have an automatic pistol, fully loaded, and in firing position, concealed on his person, inside his shirt, at the waist-line, then the sentence imposed does not appear to be excessive.

The trial judge heard the evidence, saw the witnesses on the witness-stand, and evidently accepted the evidence of the officers as true. We do not feel that the sentence imposed by him should be interfered with.

AFFIRMED.