CALVIN RAINS V. STATE OF NEBRASKA.

5 N. W. (2d) 887

FILED OCTOBER 16, 1942. No. 31395.

*Hubka & Hubka,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *John H. Comstock, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

Plaintiff in error, hereafter referred to as the defendant, was convicted of breaking and entering a barn, the property of one Tony Shalla, with intent to steal personal property belonging to the said Shalla. The jury also found that de-

fendant had previously been convicted of more than two crimes against the state, in each of which he had been sentenced and committed to the penitentiary for periods exceeding one year, thus bringing the crime within the provisions of the habitual criminal statute. Defendant was sentenced to serve ten years in the penitentiary for this offense. Defendant was also convicted of larceny of personal property of the value of $17.40 belonging to Shalla, and sentenced to pay a fine of $5 and costs for so doing. From these convictions and sentences defendant appeals.

Defendant complains of the trial court's action in permitting the amendment of the information by adding other convictions required to be established under the habitual criminal law without a preliminary hearing being held thereon. It is not questioned that a preliminary hearing was held in which it was determined that the crime of burglary had been committed and that probable cause existed that defendant committed the crime. This meets all requirements of law and the action of the trial court was in no way prejudicial to the rights of defendant.

It is next urged that the information is fatally defective in that it does not allege a "conviction of a felony," the term used in the habitual criminal statute. This statute, section 29-2217, Comp. St. Supp. 1939, defines an habitual criminal as follows: "Whoever has been twice convicted of crime, sentenced and committed to prison, in this or any other state, * * * for terms of not less than one year each, shall upon conviction of a felony committed in this state after the taking effect of this Act, be deemed to be an habitual criminal * * * ." The use of the words "conviction of a felony" is not required in the information. If the information charges a crime which is a felony under our statutes, the requirements of the habitual criminal law have been met. It is then urged that the crime charged does not constitute a felony because the punishment is not necessarily a sentence to the penitentiary for one year or more. The statutory punishment for burglary is imprisonment in the penitentiary not more than ten years nor less than one year,

or by a fine not exceeding $500, or imprisonment in the jail of the county not exceeding six months. Comp. St. 1929, sec. 28-538. Defendant contends that, as the sentence might be less than one year in the penitentiary, a felony has not been charged. This theory is untenable. This court in *Bright v. State*, 125 Neb. 817, 252 N. W. 386, said: "It is apparent that, under the charge in the information, the defendant could be, and in fact he was, sentenced to imprisonment in the penitentiary. He was, therefore, charged with, and convicted of, a 'felony.'" The applicable rule is that when an offense is not designated by the statute which creates it, either as a felony or misdemeanor, but its punishment is prescribed, then the grade or character of the offense is determined by the maximum punishment which the statute authorizes. Under the provisions of section 29-102, Comp. St. 1929, if the maximum penalty is one year or more in the penitentiary, the crime is a felony. Consequently, a felony was charged in the information and defendant's contention to the contrary is without merit.

It is next urged that the habitual criminal law and the criminal procedure thereunder provide a harsh, unfair, partial and unjust trial in violation of sections 1, 3 and 11, art. I, Constitution of Nebraska, and amendments V, VI and XIV, Constitution of the United States. The contention is, among others, that the charging and proving of previous convictions is prejudicial to the defendant. This question has been determined adversely to defendant's contention many times. In *Kuwitzky v. O'Grady*, 135 Neb. 466, 282 N. W. 396, this court said: "An habitual criminal statute is sound in principle and sustained by reason. The legislature may well enact such a law to permit law enforcement officers to take into consideration the persistence of an offender in his criminal course. That the defendant has been guilty of a second felony does not make him guilty of an offense for which he may be separately sentenced, but, upon proof that the habitual criminal statute applies to his case, he may have his punishment for the last felony of which he has been convicted increased as provided by law."

And in *Taylor v. State,* 114 Neb. 257, 207 N. W. 207, this court said: "It is argued by the defendant that it was greatly to his prejudice to have the matter of his previous conviction set out in the information. While it probably was not necessary to set out the fact of the former conviction in a separate count, we think it was proper to call the court's attention to the facts in the information. If the state desired to have the defendant punished under the habitual criminal statute, it was necessary to show that the defendant was the identical person named in the previous convictions."

The constitutionality of the habitual criminal law has likewise been previously determined by this court. In *Davis v. O'Grady,* 137 Neb. 708, 291 N. W. 82, this court said:

"The legislature may enact an habitual criminal law punishing habitual offenders.

"The habitual criminal law does not set out a distinct crime, but provides that the repetition of criminal conduct aggravates the guilt and justifies heavier penalties. * * *

"In the discussion of this question, Mr. Justice Hughes of the supreme court of the United States, in *Graham v. State of West Virginia,* 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917, employed the following language, viz.:

" 'The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted. Statutes providing for such increased punishment were enacted in Virginia and New York as early as 1796, and in Massachusetts in 1804; and there have been numerous acts of similar import in many states. This legislation has uniformly been sustained in the state courts. *Ross's Case,* 2 Pick. (Mass.) 165, 170; *Plumbly v. Commonwealth,* 2 Met. (Mass.) 413, 415.' "

It is just as clear that the habitual criminal law does not contravene other sections of the Constitution cited by this defendant. Neither does it infringe upon any section of the

Constitution of the United States to which our attention has been directed.

Defendant complains of the rulings of the trial court in admitting exhibits 5 and 6 in evidence. Exhibit 5 is a certified copy of the conviction and sentence of Cal Rains for the crime of chicken stealing in Johnson county. Exhibit 6 is a certified copy of the minutes of the district court for Richardson county, showing the conviction and sentence of Cornelius Rains for the crime of chicken stealing. Objection was made to these exhibits on the grounds that the information failed to charge a crime, that the information fails to allege that defendant had been convicted of breaking and entering, that the allegations of prior convictions were irrelevant, that exhibit 6 is incompetent, irrelevant and immaterial and that it fails to show defendant was convicted of a felony. When defendant's counsel was called upon to amplify his objections to these exhibits, no complaint was made that exhibit 6 was a certified copy of the court's minutes rather than the court's journal. It must be assumed that, if timely objection had been made, a certified copy of the journal would have been produced. At any rate, by failing to make the objection specific when called upon by the court to do so, defendant will be deemed to have waived an objection to the use of the court's minutes rather than the entry on the court's journal.

Objection is made to the fact that the body of each of these exhibits does not state the crime with which defendant was charged. The objection is without merit. The judgment and sentence of a court of record in a criminal case is supported by the usual presumptions of validity and regularity when thus attacked. The foregoing rule was announced in *Davis v. O'Grady,* 137 Neb. 708, 291 N. W. 82, and we find no deviation from it in the later cases. We think therefore that exhibits 5 and 6, under the circumstances shown by the record, were properly admitted.

Defendant urges that proof of commitment, as required by the habitual criminal law, was lacking. We think not. Another statute, section 29-2401, Comp. St. 1929, provides

that within 30 days after sentence, unless execution thereof be suspended, the convicted person shall be delivered to the warden of the penitentiary, together with a copy of the sentence of the court, there to be kept until the sentence is served or a pardon granted. If sentence is suspended and the conviction subsequently affirmed, the same procedure is prescribed. It must necessarily be presumed in the absence of any evidence to the contrary that the directions of the statute were carried out by the public officers involved. We think the proof offered is in all respects sufficient to sustain the finding of prior convictions within the meaning of section 29-2217, Comp. St. Supp. 1939.

Defendant contends that certain of the instructions were prejudicial. An examination of all the instructions shows that the case was fully and fairly submitted to the jury.

Finally, defendant questions the sufficiency of the evidence to sustain the verdict. The defendant and his accomplice testify that they entered the barn through an open door and took the property in question. The complaining witness testifies that they went through another door which he had closed and latched. Other witnesses testify to circumstances tending to corroborate the complaining witness. The state's evidence, though contradicted, when taken as an entirety is sufficient to sustain the jury's verdict. The weight of the evidence and credibility of the witnesses were for the jury and, they having acted upon evidence sufficient to sustain their verdict, this court is required to give effect to it.

We have found no prejudicial error in the record.

AFFIRMED.