WILLIAM V. CARR, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

40 N. W. 2d 677

Filed January 19, 1950. No. 32710.

*William E. Lovely*, for plaintiff in error.

*James H. Anderson*, Attorney General, and *Clarence A. H. Meyer*, for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Carl Grube died from injuries inflicted upon him by an automobile operated by William Carr, plaintiff in

error, referred to herein as defendant, and because thereof he was, in the district court for Douglas County, accused of the crimes of manslaughter and illegally leaving the scene of the accident. When he appeared for arraignment, the court, at the request of the representative of the State, dismissed the charge of manslaughter, and the defendant pleaded guilty to the charge of improperly leaving the scene of the accident. Further proceedings were suspended, the defendant was placed on probation for two years under supervision of the adult probation officer, as permitted by law (§§ 29-2218 to 29-2220, R. R. S. 1943) upon the conditions provided therein (§ 29-2219, R. R. S. 1943), and his license to drive or operate a motor vehicle was suspended for one year from the 6th day of May 1949.

An information filed on the 25th day of June 1949, alleged that the defendant violated the terms and conditions of his probation on the 23d day of June 1949, by unlawfully operating a motor vehicle at a high and illegal rate of speed while his driver's license was suspended; that he pleaded guilty in the municipal court of Council Bluffs, Iowa, to a charge of speeding and a charge of operating a motor vehicle without a license; and was sentenced to 60 days' imprisonment in the county jail on the first charge, and to pay a fine of $50 and costs, and in default of payment thereof, 15 days' imprisonment in the county jail on the second charge. A hearing was had and the court found that defendant had violated the conditions of his parole, revoked the order suspending proceedings and placing him on probation, and sentenced the defendant to imprisonment in the Nebraska State Reformatory for not less than one year, or more than three years. The motion of the defendant for a new trial was denied, and he presents for review the legality of the revocation of his parole.

The sufficiency of the information to charge that defendant violated conditions of his probation is challenged. The information was made by the deputy county attorney

on behalf of the State, recites that the defendant was charged with a felony, pleaded guilty thereto, was placed on probation, and the conditions thereof including the suspension of his license to operate a motor vehicle; and that the defendant violated the probationary conditions by his unlawful conduct, had been charged with offenses, pleaded guilty thereto, was sentenced therefor, satisfied the sentences imposed, and had operated a motor vehicle while his license to do so was suspended. These things were alleged to have happened within less than 60 days after defendant was granted leniency by the court, induced by the belief he would refrain from any additional unlawful act, and that it was in the interest of society and favorable to his reformation. The information was not the foundation for a trial of the defendant for a crime. He was not charged with or tried for a new offense, or any offense. When the proceedings were suspended after his acknowledged commission of a felony, he assumed the obligation of strict observance of the terms and conditions of his parole, of demeaning himself as a good, upright citizen, and establishing that he was worthy of judicial clemency. Technical formality and preciseness of charge was not a prerequisite to judicial investigation of whether or not the defendant had performed his obligations. It has been considered that a pleading stating that defendant violated his parole is sufficient if he had notice of a hearing, the assistance of counsel, the testimony of witnesses, and a lawful hearing. Sellers v. State, 105 Neb. 748, 181 N. W. 862; Moyer v. State, 144 Neb. 673, 14 N. W. 2d 220. The defendant had and enjoyed all of these essentials.

The defendant claims invalidity of the statute he was originally charged with violating. § 39-762, R. S. Supp., 1949, § 39-763, R. S. 1943. He says it is "vague, duplicitous and illegal" for the reason that it defines the offense of leaving the scene of an accident as a felony and a misdemeanor. The objection is untenable. When an

offense is not designated by the statute creating it as either a felony or a misdemeanor, the grade of the offense is determined by the maximum punishment authorized by the statute. Rains v. State, 142 Neb. 284, 5 N. W. 2d 887.

The evidence is that from the time of the parole on May 6, 1949, until June 23, 1949, the defendant performed the conditions thereof; that commencing about 2 a. m. on the latter date he operated an automobile owned by him upon the streets of Omaha from his place of business at 2819 Harney Street to the South Omaha Missouri River Bridge, across the bridge, and on the highways of Iowa to the city of Council Bluffs, upon the streets and avenues thereof, until he was taken in custody by the police officers of that city. Defendant drove his car through zones where the speed was restricted to 35 miles an hour or less at an admitted speed of 60 miles an hour, and the police officers were not able to overtake him when they were pursuing him at speeds from 73 to 75 miles an hour. He was, during the early hours of that day, arrested and detained in Council Bluffs because of the speed at which he drove. Later the officers learned that his license to operate a motor vehicle had been suspended by the court in Omaha, and that he was on probation granted by the court after his plea of guilty to a felony. He was charged in the municipal court with the offense of illegal speeding and the offense of operating a motor vehicle without a driver's license, pleaded guilty to each charge, was sentenced upon each, and he satisfied the sentences. The explanation of the purpose of defendant in driving his car in violation of the terms of his parole is not convincing. He had the means of immediate communication with the officers of the city and county when he learned of the larceny of his property. He disregarded this fact. If he gave chase to overtake the criminals or to secure evidence of or that might result in their identification, it overtaxes credulity that when he knew he

passed a police car on the highway during his chase with the criminals and saw the police car turn and travel towards him that he increased his speed in flight from the police and attempted to conceal his car and himself from them. It would have been natural for the defendant to welcome police assistance if he were with singleness of motive pursuing criminals in an attempt to prevent their escape, but contrary to this, when he knew the police were attempting to come to him, he increased his speed away from them, turned into and followed an infrequently-traveled side street, and there attempted to conceal himself until he thought the police had given up the chase to overtake him.

It is inconceivable that the defendant could have believed that his attempt to pursue criminals and possibly be the cause of bringing them to trial and judgment excused him from a violation of the terms of his parole, because if he did, he would have told this to the police when they asked him to produce and exhibit his driver's license, instead of his futile pretense of an attempt to find it among the papers and cards he had with him and the statement of the untruth that he had left his license in Omaha. However, if the version of the affair as told by defendant is accepted with all the implications he desires, it is inadequate for it neither justifies nor disproves the violation by him of the conditions of his probation. He knew these conditions. He knew the continuance of his personal liberty depended upon his refraining from any illegal act. He knew the operation of a motor vehicle by him was an illegal act. He operated his automobile in Nebraska in direct violation of his obligation not to do so. That he violated the ordinances and laws of an adjoining city and state is primarily important as tending to show the disposition of defendant not to avoid and refrain from unlawful acts.

The granting of a parole is the exercise of discretion and a matter of grace, and not of right. The statute in substance is that in a criminal prosecution when guilt

of a defendant has been established and subject to the conditions prescribed therein, the court may, in its discretion, enter an order without pronouncing sentence, suspending further proceedings and placing the accused on probation. The court may determine the conditions thereof, may exact any reasonable requirement of the defendant, and for violation thereof may revoke the parole and sentence the defendant as though no leniency had been granted. §§ 29-2217 to 29-2219, R. R. S. 1943. In Sellers v. State, *supra,* in reference to the proof required to sustain the setting aside of an order granting a parole, it is said: "Any probative evidence showing a violation of probationary conditions by conduct sufficient to convince the district court that defendant will not refrain from criminal acts in the future without punishment will sustain the revocation of a parole. See, also, Moyer v. State, *supra.* The contention of defendant that the evidence is insufficient to sustain the action of the district court in revoking his parole and imposing sentence is not sustained by the record.

The defendant complains that the sentence of not less than one year or more than three years is too severe. The statute gave the court extensive opportunity for the exercise of legal discretion in fixing the punishment. It could be imprisonment of not less than 30 days or more than five years, or a fine of not less than $100 or more than $5,000, or both fine and imprisonment. The circumstances of the case, the degree of blame, or the extent of the moral turpitude involved in the act in question, as nearly as ascertainable, are the guides of the court in the exercise of a legal discretion in determining the sentence in any case involving this statute. It was the duty of the court in this case to make an investigation of these matters, and it is presumed that this obligation was performed. § 29-2217, R. R. S. 1943. There is no showing in this record as to any of the circumstances of the act or default of the defendant resulting in the original charge against him. The statute was adopted in the exercise of

the police power of the state to contribute to the safety of its citizens. Its infractions might consist of a mere technical violation without criminal intent or purpose, or a violation might involve moral turpitude and danger to life, hence the Legislature gave the court commensurate latitude in the matter of sentence for violation of the statute. If the violation is nominal, a penalty may be as inconsiderable as $100; if aggravated, it may be as severe as five years in the penitentiary, or both fine and imprisonment. Bright v. State, 125 Neb. 817, 252 N. W. 386, states the applicable rule: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." 24 C. J. S., Criminal Law, § 1878, p. 781, § 1983, p. 1201. See, also, People v. Riley, 376 Ill. 364, 33 N. E. 2d 872, 134 A. L. R. 1261; State v. Wilson, 162 S. C. 413, 161 S. E. 104, 81 A. L. R. 580. There is an absence of anything in the record of this case to suggest or support a conclusion of abuse of discretion by the court in fixing the punishment of defendant.

The judgment and sentence of the trial court should be, and are, affirmed.

AFFIRMED.