EMMERT A. TRUMAN, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
44 N. W. 2d 317

Filed October 18, 1950. No. 32867.

*Emmert A. Truman,* pro se, and *Herbert W. Baird,* for plaintiff in error.

*Clarence S. Beck, Attorney General,* and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Emmert A. Truman was found guilty by a jury in the district court for Lancaster County of the statutory crime of rape and after his motion for new trial had been overruled he was sentenced to serve six years in the penitentiary. He brings this error proceeding to review his conviction and sentence.

For the purpose of this opinion we shall refer to the plaintiff in error, defendant below, as the defendant and to the defendant in error, the State of Nebraska, as the State.

The defendant raises a question as to the sufficiency of the evidence to sustain his conviction because, as he contends, the State failed to prove beyond a reasonable doubt that the prosecutrix was chaste before she had sexual intercourse with him on December 6, 1949.

Admittedly the parties had sexual relations on that date for the first time and it was voluntarily entered into by them. At that time prosecutrix was 15 years of age and the defendant 34.

That under these circumstances such fact is an essential element of the crime with which the defendant was charged, and which the State was bound to so prove, is evidenced by the following language of section 28-408, R. R. S. 1943, under which the defendant was prosecuted: "* * * if any male person, of the age of eighteen years or upwards, shall carnally know or abuse any female child under the age of eighteen years, with her consent, unless such female child so known and abused is over fifteen years of age and previously unchaste, shall be

deemed guilty of rape, and shall be imprisoned in the penitentiary not more than twenty nor less than three years."

In the course of the trial the State introduced a statement made by the defendant admitting his relations with the prosecutrix. This statement contains the following: "It was my opinion the first time I had sexual relations with Rosemary, N. E. of Havelock, that it was not the first time. I do not know for sure, but that was my opinion. Rosemary never said that she had had sexual relations before, but she had hinted that she had gone with another boy earlier in the summer of 1949, and I surmised that she may have had relations with this boy. However she says not. At the time that I had sexual relations with her, I did not believe she was a virgin, because she had no hymen, and I asked her at that time why she didn't have and she said she didn't know."

It is the defendant's contention that if the prosecution introduces an exculpatory statement made by the accused that such statement is regarded as true and binding on the prosecution and, in order to secure a conviction, it must show by other testimony, beyond a reasonable doubt, that the statement is false. That is, if the State introduces an admission or confession of the accused which contains an exculpatory statement, that unless it shows by other evidence that the facts are otherwise, it is bound by such statement.

There are jurisdictions which apply the foregoing rule, however, they make certain exceptions thereto which, under the facts disclosed by the record, would be applicable here. See, Banks v. State, 85 Tex. Cr. 165, 211 S. W. 217, 5 A. L. R. 600; McKinley v. State, 104 Tex. Cr. 65, 282 S. W. 600; Tate v. State, 116 Tex. Cr. 340, 31 S. W. 2d 453; Yarbrough v. State, 125 Tex. Cr. 304, 67 S. W. 2d 612; Lindsey v. State, 146 Tex. Cr. 459, 176 S. W. 2d 192. But we need not discuss these exceptions because we do not think the foregoing is either the correct rule or the one generally accepted in most jurisdictions.

As stated in State v. Ball, 220 Iowa 595, 262 N. W. 115:
"While it is true that the state introduced this confession in evidence, the contention of the defendant cannot be sustained that the state is bound by the exculpatory statements contained therein. These statements must be considered in the light of the surrounding facts and circumstances, and other statements made by the defendant in such written statement, and when so considered are, of necessity, a question for the jury. * * *

"While the exculpatory statements made in said written confession must be considered by the jury in reaching a verdict, it cannot be said that because of the same they are final. The rule governing these matters is quite tersely stated in 16 C. J., p. 738, § 1517, as follows:

" 'The rule that a confession is to be considered in its entirety does not compel the jury to give the same belief to every part of it. The jury may attach such credit to any part of it as they deem it worthy of, and may reject any portion of it which they do not believe. All of it must be weighed carefully by the jury, and upon all the circumstances surrounding the case they must determine how much of it they will receive and how much they will reject.'

"We think, therefore, under this rule, which seems to be quite universal, that the exculpatory statements contained in this confession, and the weight to be given to them made a question of fact for the jury."

And in Mitsunaga v. People, 54 Colo. 102, 129 P. 241:
"Counsel for defendant contend the people were bound by his statements which the prosecution introduced in evidence in chief, unless they were shown to be untrue. It was for the jury to determine from all the evidence in the case, how much, if any of the statements they would believe.—State v. Merkle, 189 Mo. 315-321."

In State v. Patchen, 36 Nev. 510, 137 P. 406, the court held: "Statements or explanations made by the accused at the time of the arrest may be introduced as part of the state's case in chief, but the improbability of the

statements or explanations may be so apparent that the jury will not believe them even though they be not contradicted. Their reasonableness is a matter entirely for the jury."

And in State v. Harris, 324 Mo. 223, 22 S. W. 2d 802: "The general rule is that, while the jury may believe any statement made by a defendant which is against his interest, it is not obliged to believe statements in his own interest merely because such statements appear in a statement shown by the State to have been made by said defendant."

While the jury may or may not believe any part or all of a statement made by a defendant, it is not obligated to believe statements in his interest merely because they appear in a statement proved by the State.

When the State introduces a written statement of the defendant it is not bound by exculpatory statements contained therein but such statements are to be considered by the jury in the light of the surrounding facts and circumstances.

Assuming that the statement hereinbefore set forth can be said to be evidence of the prosecutrix's physical condition on December 6, 1949, from which it could be said that she was unchaste at the time the act took place of which complaint is here made, that evidence would not necessarily be controlling because there is other evidence offered by the State which, if believed by the jury, is sufficient to establish beyond a reasonable doubt that she was chaste. The prosecutrix testified that she had never, prior to December 6, 1949, had relations with anyone. She testified as to the immediate effect upon her of the act and her subsequent physical condition. From this evidence the jury could properly find that defendant was wrong in what he believed about her condition. It is probably true that medical testimony could have been offered by the State as to this fact but it was not absolutely bound to do so under the circumstances. There is sufficient evidence in the

record from which the jury could properly find that prior to the relations had by defendant with the prosecutrix on December 6, 1949, that she was chaste.

Defendant raises the question of the sentence being excessive. Under section 28-408, R. R. S. 1943, the defendant, upon conviction, was subject to being sentenced to the penitentiary for not more than twenty nor less than three years. He was sentenced to six years. It is true that under section 29-2308, R. R. S. 1943, we have the authority to reduce a sentence when, in our opinion, it is excessive. But, as stated in Bright v. State, 125 Neb. 817, 252 N. W. 386: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion."

The record shows that at the time the act was committed defendant was 34 years of age and the prosecutrix 15. He was married and had a family of four children ranging between the ages of 2 and 8 years. He became acquainted with the prosecutrix and her family in August 1949. He promoted this acquaintanceship with her and conducted a course of attention toward her that resulted in their becoming infatuated with each other. For this purpose he kept her out of school during most of the latter part of November and the forepart of December 1949 under the pretext of teaching her to drive a car. On the date involved he promised to get a divorce and marry her. As a result she consented to the act. What happened subsequent thereto is immaterial except as it reflects the defendant's conduct in his association with the prosecutrix. In January 1950 he took the prosecutrix to Oklahoma, leaving his wife and two of their children in Kansas, and there lived with prosecutrix as man and wife until apprehended by the authorities. The record also shows that when he was 18 years of age that defendant was committed to a

reformatory. Under these circumstances we do not think the sentence excessive.

Finding no merit in the contentions of the defendant, and the record fully sustaining the finding of his guilt, we affirm the verdict and sentence of the court below.

AFFIRMED.