Jack Lawson, plaintiff in error, v. State of Nebraska, defendant in error.

50 N. W. 2d 99

Filed November 23, 1951. No. 32957.

L. R. Doyle, for plaintiff in error.

Clarence S. Beck, Attorney General, and Clarence A. H. Meyer, for defendant in error.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Carter, J.

The defendant was convicted in the district court for Lancaster County for driving an automobile while under the influence of intoxicating liquor. The trial court imposed a fine of $50 and revoked the driver's license of defendant for a period of six months. The defendant appeals.

The record discloses that defendant was charged in the municipal court of the city of Lincoln, Lancaster County, Nebraska, with driving an automobile within the corporate limits of the city on January 11, 1950, while under the influence of intoxicating liquor. After conviction, an appeal was taken to the district court where the case was submitted to a jury and a verdict of guilty returned. An appeal was then taken to this court. The defendant complains that the district court erred in overruling his objections to certain alleged hypothetical questions and to certain instructions given by the trial court.

No bill of exceptions appears to have been filed in this court. The rule is stated in Dryden & Jensen v. Mach, 150 Neb. 629, 35 N. W. 2d 497, as follows: "Where the record contains no authentic bill of exceptions or the bill of exceptions has been quashed, no question will be considered, the determination of which necessarily involves an examination of the evidence adduced in the trial court, and in such a situation, if the pleadings are sufficient to support the judgment, it will be affirmed." The question raised by the appeal can be resolved only by reference to a bill of exceptions. Consequently, the assignments of error are not established by the record before us.

The complaint is sufficient to charge the offense for which defendant was convicted. The sentence imposed is within the limits prescribed by the ordinance under which the case was commenced. Consequently, no error in the proceedings held in the district court is affirmatively shown. Under such circumstances the judgment of the district court must be affirmed.

AFFIRMED.