JOHNIE TAYLOR, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

66 N. W. 2d 514

Filed October 22, 1954. No. 33557.

*J. E. Willits,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, *Clarence A. H. Meyer,* and *C. C. Sheldon,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On September 11, 1953, a complaint was filed in the county court charging, in conformity with section 28-1212, R. R. S. 1943, that Johnie Taylor, hereinafter called defendant, willfully, unlawfully, and feloniously, with intent to defraud, did on June 20, 1953, make, draw, utter, issue, and deliver a certain described bank check

for $10 drawn upon the Hastings National Bank, then well knowing that he had no account on deposit in such bank. On September 16, 1953, defendant, then being represented by counsel and duly advised of his legal and constitutional rights, appeared in the county court, waived preliminary hearing, and was bound over to the district court for trial. Defendant furnished a required bond for appearance thereat, and after the filing of a concededly proper and sufficient information in the district court, he did on October 17, 1953, appear therein with counsel. There the information was read to defendant, and, after being again advised of his legal and constitutional rights, he pleaded guilty, which plea was accepted by the court. Thereupon, after a hearing in conformity with sections 29-2217 to 29-2219, R. R. S. 1943, the trial court placed defendant on probation for 1 year, in charge of the county sheriff. The terms and conditions of the order of probation appropriately provided, among other requirements, that defendant must not drink intoxicating liquor or become intoxicated, and that he should work at his trade or some suitable occupation, but upon violation thereof, the order of probation would be revoked and sentence would be imposed as provided by law.

Thereafter on January 8, 1954, the county attorney filed a motion and affidavit alleging that: (1) On January 5, 1954, defendant did drink intoxicating liquor, becoming intoxicated as a result thereof; and (2) that since October 17, 1953, defendant had failed and neglected without cause to obtain suitable employment, all in violation of the court's order of probation. The motion prayed that the order of probation should be revoked and sentence imposed upon defendant as provided by law. The transcript also discloses that thereafter on January 13, 1954, defendant appeared in court with counsel and a hearing was had upon such motion. Thereat defendant did not deny that he became intoxicated as charged, but did deny that he had failed and

neglected to obtain suitable employment. Thereupon the deputy county attorney in effect withdrew the latter charge. However, evidence was then adduced by the State and it rested, whereupon evidence was adduced by defendant and he rested. In the light thereof, the trial court then sustained the motion of the county attorney, authoritatively revoked its former order of probation, and defendant having given no satisfactory reason why sentence should not be imposed, sentenced him in conformity with section 28-1212, R. R. S. 1943, to serve not less than 1 year nor more than 1 year and 5 days in the State Reformatory.

On January 26, 1954, defendant filed a notice of intention to apply for a writ of error for the purpose of reviewing the proceedings and sentence rendered. He also filed an application for suspension of execution of sentence in order that he might have time to prepare and file a petition in error and bill of exceptions. The disposition of such application is not shown by this transcript. Be that as it may, petition in error was filed in this court by defendant on February 9, 1954, based entirely upon the sole allegation that: "The Court erred in imposing a harsh, excessive and improper sentence which was *not sustained by the evidence and is contrary to law."* (Italics supplied.) Also, such language appears in defendant's brief as the sole assignment of error. In that connection, however, no bill of exceptions was ever filed in this court by defendant and we conclude that the assignment should not be sustained.

Insofar as important here, section 28-1212, R. S. Supp., 1953, provides: "Any person who, with intent to defraud, shall make or draw, utter or deliver any check * * * upon any bank * * * knowing, at the time of such making, drawing, uttering, or delivering, that the maker or drawer *has no account or deposit in such bank* * * * upon conviction thereof, shall be imprisoned in the penitentiary for *not less than one year nor more than ten years,* or imprisoned in the county jail not less than

thirty days nor more than six months, or be fined not less than fifty dollars nor more than five hundred dollars." (Italics supplied.) Prior to its amendment in 1951, such section simply provided that a defendant "upon conviction thereof, shall be punished by confinement in the penitentiary for not less than one year nor more than two years." The sufficiency of the information involved herein, to which defendant pleaded guilty, has not been questioned. Clearly, the sentence by the trial court was one supported by and well within the provisions of section 28-1212, R. R. S. 1943, as then existing.

In Duggan v. Olson, 146 Neb. 248, 19 N. W. 2d 353, certiorari denied 327 U. S. 790, 66 S. Ct. 803, 90 L. Ed. 1016, this court said: " 'A defendant, by pleading guilty, waives all defenses other than that the indictment (information) charges no offense.' 14 Am. Jur., sec. 272, p. 953. 'A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime sufficiently charged in the * * * information.' 14 Am. Jur., sec. 272, p. 952." See, also, Clark v. State, 150 Neb. 494, 34 N. W. 2d 877.

Section 29-2308, R. R. S. 1943, provides in part: "In all criminal cases that now are, or may hereafter be pending in the Supreme Court on error, the court may reduce the sentence rendered by the district court against the accused, when in its opinion the sentence is excessive, and it shall be the duty of the Supreme Court to render such sentence against the accused as in its opinion *may be warranted by the evidence.*" (Italics supplied.) Cases cited in the annotation thereof are too numerous to repeat here.

However, in the absence of a bill of exceptions, there is no showing by evidence in this case either with relation to the circumstances of the acts or defaults of defendant resulting in the alleged charge against him and presented to the court at a hearing thereon or in

the proceeding with relation to defendant's admitted violation of the conditions of the order of probation. In that connection, it will be noted that section 28-1212, R. R. S. 1943, under which defendant was prosecuted, relates to those cases wherein a defendant "has no account or deposit in such bank," and gives the court a commensurate latitude or discretion within certain prescribed limits in the matter of sentence for violation thereof, dependent upon the evidence and circumstances with relation thereto. Such section contains no prescribed limits of sentence based specifically upon the amount of the check as provided in section 28-1213, R. R. S. 1943, relating to distinguishable cases wherein a defendant "has not sufficient funds in, or credit with, such bank, * * * for the payment of such check * * *."

In Bright v. State, 125 Neb. 817, 252 N. W. 386, followed with approval in Carr v. State, 152 Neb. 248, 40 N. W. 2d 677, Truman v. State, 153 Neb. 247, 44 N. W. 2d 317, and Onstott v. State, 156 Neb. 55, 54 N. W. 2d 380, this court held: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion."

In the case at bar, the question of whether or not the trial court abused its discretion in imposing the sentence here involved upon defendant must necessarily depend upon an examination of evidence adduced in the trial court which is brought to this court by a bill of exceptions. As stated in Carr v. State, *supra,* with relation to a comparable penal statute: "The circumstances of the case, the degree of blame, or the extent of the moral turpitude involved in the act in question, as nearly as ascertainable, are the guides of the court in the exercise of a legal discretion in determining the sentence in any case involving this statute. It was the duty of the court in this case to make an investiga-

tion of these matters, and it is presumed that this obligation was performed."

As a matter of course, statements of counsel appearing in briefs filed in this court and not supported by any competent evidence properly appearing in a bill of exceptions cannot be considered. Grossman v. State, 46 Neb. 21, 64 N. W. 354.

Contrary to defendant's contention, we find nothing in the record before us which could lawfully sustain a conclusion that the trial court abused its discretion and thereby imposed an excessive sentence upon defendant. In that regard, cases relied upon by defendant are generally distinguishable upon the facts and circumstances preserved by a bill of exceptions. To discuss them further herein would serve no purpose except to unduly prolong this opinion.

In Sundahl v. State, 154 Neb. 550, 48 N. W. 2d 689, citing numerous authorities, this court held: "By the provisions of section 29-2308, R. R. S. 1943, the Supreme Court has authority to reduce the sentence in a criminal case and to render such sentence as in its opinion is warranted by the evidence.

"The act of reducing the sentence and rendering a new one warranted by the evidence is in no sense a commutation or the exercise of clemency.

"In determining the question as to whether or not the sentence shall be reduced, the Supreme Court has no right to be deterred from discharging its duty through considerations of mercy or sympathy."

As recently as Lawson v. State, 154 Neb. 847, 50 N. W. 2d 99, this court reaffirmed that: "Where the record contains no bill of exceptions or the bill of exceptions has been quashed, no question will be considered, the determination of which necessarily involves an examination of the evidence adduced in the trial court. In such a situation, if the pleadings are sufficient to support the judgment, it will be affirmed."

Under the record as presented in the case at bar, we

conclude that the judgment and sentence of the trial court should be and hereby are affirmed.

AFFIRMED.

YEAGER, J., dissenting.

I cannot find myself in agreement with the majority opinion in this case.

Section 29-2308, R. R. S. 1943, as pointed out in the majority opinion, confers authority for the reduction of sentence when in the opinion of this court the sentence rendered is excessive. This section makes it the duty of this court, when in its opinion a sentence is excessive, to render such sentence as in its opinion may be warranted by the evidence.

The majority opinion appears to me to be predicated upon the proposition that there being no bill of exceptions there is no evidence upon which to base a conclusion either that the sentence imposed was excessive or as to what would be an appropriate substitute therefor.

I agree that this conclusion finds support in former opinions of this court in at least some of which I have concurred. I do not agree however that the statute contains or should be construed to contain any such circumscription.

In my opinion when the Legislature employed the term "warranted by the evidence" it had in contemplation that which was evident on the face of the record whether it appeared in a bill of exceptions or was otherwise apparent. This approach has, in my opinion, justice and reason on its side. The opposite approach, likewise in my opinion, makes this court slave to unfortunate words uttered, it is true, at a time when they were harmless.

The record in this case discloses that the plaintiff in error pleaded guilty to the charge of uttering what is commonly referred to as a no-fund check for $10. He was not sentenced but was placed on probation. The probation was conditioned, among other conditions, that

he should not drink intoxicating liquor or become intoxicated. He violated his probation by becoming intoxicated. On finding of violation the court sentenced him to serve a term of not less than 1 year nor more than 1 year and 5 days in the State Reformatory for Men.

The statutory penalties for uttering a no-fund check are not less than 1 nor more than 10 years in the penitentiary, or not less than 30 days nor more than 6 months in the county jail, or a fine of not less than $50 nor more than $500.

The penalty for intoxication, first offense, is a fine of not more than $50 or imprisonment in the county jail for not more than 30 days, and for a second offense, imprisonment in the county jail for not more than 60 days.

In the light of these things which are evident from the record and common judicial experience it appears to me that the sentence imposed was a violation of judicial discretion and grossly excessive.

It may be contended and it may be true that there were matters not appearing on the record which influenced the district court in the fixation of sentence. If however this is true they do not appear in the journal entry which contains the basis for the revocation of probation.

I think it will be agreed that nothing outside the record may be considered in exculpation of the plaintiff in error. Is it not likewise true that outside matters may not be considered or speculated upon and given weight in inculpation?

I cannot escape the conclusion that the sentence in this case is excessive and that it should be reduced by this court.