FRANCIS S. MILLER, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

100 N. W. 2d 876

Filed February 5, 1960.   No. 34633.

*Wellensiek & Morrissey,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *John E. Wenstrand,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a criminal action wherein, in the district court for Otoe County, Nebraska, Francis S. Miller, defendant, was tried to a jury on a charge of assault with intent to commit rape upon one Shirley Reeves, who will be referred to as the prosecutrix. The action was prosecuted in the name of the State of Nebraska by the county attorney. The jury returned a verdict of guilty. A motion for new trial was duly filed and overruled. The defendant was sentenced to serve a term of 8 years in the State Penitentiary. From the conviction and the order overruling the motion for new trial the defendant, as plaintiff in error, has brought the case here for review by petition in error. For convenience the plaintiff in error will be referred to in this opinion as the defendant, and the defendant in error as the State.

To the extent necessary to state here the information on which the defendant was charged stated that on October 17, 1958, the defendant committed an assault upon the prosecutrix with intent to commit rape upon her. Of this charge he was convicted.

As grounds for reversal the defendant assigns numerous grounds of alleged error. These however fall within four general classifications. These classifications are (1) the overall sufficiency of the evidence to sustain the verdict; (2) the admissibility of evidence adduced; (3) misconduct of the county attorney; and (4) excessiveness of the sentence imposed.

Whether or not the first of these classifications has merit depends upon the question of whether or not there was admissible evidence of sufficient probative value to sustain the charge.

No good purpose could be served by a relation of the full details of what occurred, therefore only the ultimate of proof in this connection will be set forth here.

The record discloses by the testimony of the prosecutrix and a confession of the defendant that on October 17, 1958, after school had closed and all children had departed, the defendant came to a country schoolhouse where the prosecutrix was the teacher, and there violently attacked her with the avowed intent and declared purpose of having sexual intercourse with her. The evidence further discloses that the prosecutrix resisted to the full the advances and as soon as possible she broke away and drove immediately to a house nearby which was a home occupied by a family by the name of Balfour, where she reported what had happened, at which time she was observed to be in a hysterical condition. Shortly thereafter her person was examined, as well as her clothing, and observations made. As soon as possible the matter was reported to the office of the county sheriff and the police headquarters at Nebraska City, Nebraska.

There is no dispute here as to the existence of the evidence outlined, and there is no evidence in the record to the contrary. The defendant does not contend otherwise.

The substantial theory of the defendant on this proposition is that the testimony of the prosecutrix, under law, stands without corroboration and therefore the evidence is not sufficient to sustain the conviction. He contends substantially that some of the evidence, although admissible, could not be regarded as corroborative, and other evidence, which was not admissible, was admitted over objection, hence it could not be considered as being in support of the verdict.

It is of course true that a person may not be convicted of the crime with which the defendant was charged on the testimony of the prosecutrix alone. Her testimony must be corroborated by other competent evidence. See, Frank v. State, 150 Neb. 745, 35 N. W. 2d 816; Pew v. State, 164 Neb. 735, 83 N. W. 2d 377; Shepperd v. State, 168 Neb. 464, 96 N. W. 2d 261. The particular act how-

ever does not require corroboration. The appropriate rule is stated as follows in Hughes v. State, 154 Neb. 86, 46 N. W. 2d 904: "In a prosecution for assault with intent to commit rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." See, also, Shepperd v. State, *supra*. In truth the defendant himself furnished sufficient corroboration to sustain the charge. His own statements satisfied the requirement of corroboration. In Loar v. State, 76 Neb. 148, 107 N. W. 229, it was said: "In a trial for statutory rape, admissions by the defendant showing that he planned and procured an opportunity to commit the act charged, with evidence of familiarities between them, furnishes sufficient corroboration of the girl's positive testimony to support a judgment of conviction."

There was, within the meaning of the rule, other corroboration of the testimony of the prosecutrix. The testimony as to what she said and as to her appearance and condition on arrival at the Balfour home, where she went upon leaving the schoolhouse, was corroboration. Testimony which discloses that a woman, as the result of an attack, had bruises and discolorations and was hysterical, coupled with evidence by the prosecutrix that she was attacked, is corroboration which will support a verdict of guilty. See, Prokop v. State, 148 Neb. 582, 28 N. W. 2d 200, 172 A. L. R. 916; Hughes v. State, *supra*.

There is therefore no basis for relief in favor of the defendant on account of lack of corroboration of the testimony of the prosecutrix. This being true it may not well be said that the evidence was not sufficient to sustain the verdict.

Under the second classification it is contended that the court erroneously admitted in evidence eight exhibits. Two of these were the slip and blouse worn by the prosecutrix at the time she was attacked. These were sufficiently identified and it may not well be said that they were not admissible in the case. The defendant does not appear to contend that the exhibits were not proper evidence in the case, but only that the chain of identification was defective.

The defendant assigns as error the admission in evidence of exhibits Nos. 8, 9, 10, 11, and 12. A sufficient answer to this assignment of error is that they were offered but were never received in evidence.

Exhibit No. 5 is a slide on which appeared a specimen for microscopic examination taken from one of the garments which was worn by the prosecutrix at the time of the attack. It is not contended that this specimen would not be admissible if the evidence was sufficient to properly identify it. The contention is that the chain of identification was not complete. The contention may not be sustained. The evidence discloses a complete chain of identification.

A physician made an examination of the prosecutrix on October 20, 1958. He was called as a witness on behalf of the State. Before testifying as to his findings he was asked to and he gave testimony as to a history communicated to him by the prosecutrix. The history given was broader than the testimony of the prosecutrix given on the trial. On this ground the defendant urges that the testimony of the doctor was inadmissible. The contention is without merit for two reasons. The testimony of the doctor as to what he found was based, not upon history, but upon his own subjective and objective findings. The other reason is that the entire history which the prosecutrix gave to the doctor substantially appears in the testimony of the other witnesses for the State given at the trial.

There is no rule of law which requires that the his-

tory employed by a physician in arriving at an opinion must have been in the possession and given by a single witness on the trial of a case.

There is a charge of misconduct of the county attorney in the closing argument. It relates to argument relative to the character of the act charged against the defendant. A question was raised of improper argument, an objection was made thereto, and a motion was made for a mistrial on this ground, which was overruled. The content of that motion is far different and much narrower than what is presented by the brief herein. The mistrial was asked in the motion on the ground that the county attorney referred to this as a "brutal act"; that she told the jury that it should find the defendant guilty; and that it could not bring in a verdict of simple assault. The portion of the motion relating to the act simply condemns the use of the two words. The context of which it was a part was not called to the attention of the district court. The true meaning could not have been arrived at by the district court except by reference to the context which was not presented to it by the motion. Taken alone and without the context it must be regarded as having no comprehensible meaning.

At the commencement of the trial the defendant moved for an order sequestering witnesses. Such an order was entered. By the motion for new trial and supporting evidence it was shown that testimony of a witness for the State was transcribed and given by the county attorney to another witness for perusal before he testified. The defendant asserts that this was misconduct on the part of the county attorney on account of which he was entitled to have the verdict of the jury vacated and set aside.

There can be little doubt that this was a violation of the spirit, if not even of the letter, of the sequestration order. Obviously the purpose of an order of sequestration is to prevent the accomplishment of what was done here and the readily apparent dangerous possi-

bilities. In the light of the record here bearing upon this subject however this did not furnish grounds for setting aside the verdict. On this subject this court stated in Swartz v. State, 121 Neb. 696, 238 N. W. 312: "In the absence of any showing of prejudice to the defendants, we cannot say that the court abused his discretion or that the defendants were in fact prejudiced because the court did not keep all the witnesses segregated after they testified as well as before."

In the text of 23 C. J. S., Criminal Law, § 1439, p. 1145, the following appears: "Failure of the court to enforce strict sequestration of witnesses is not ground for a new trial, where an abuse of discretion does not clearly appear, where no objection was made at the time, nor, even when proper objection is made, where accused is not prejudiced. So in the absence of a showing of resulting injury, a new trial is not required by the court's action in permitting a witness to testify who has failed to observe an order of sequestration, or in excluding such a witness from testifying."

In the present case it was not made to appear that by this infraction the defendant was in anywise prejudiced. It may well be said on the record made on this subject that he was not prejudiced.

It is urged that the sentence imposed was excessive. The penalty provided by statute for the offense charged in this case is imprisonment for "not more than fifteen nor less than two years" in the penitentiary. § 28-409, R. R. S. 1943. As pointed out the sentence was for 8 years in the penitentiary.

The rule applicable in a situation such as this was stated in Bright v. State, 125 Neb. 817, 252 N. W. 386, as follows: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." See, also, Carr v. State, 152 Neb. 248, 40 N. W. 2d 677; Kirk-

endall v. State, 152 Neb. 691, 42 N. W. 2d 374; Taylor v. State, 159 Neb. 210, 66 N. W. 2d 514. There is nothing in the record to justify a finding and conclusion by this court that the sentence imposed was excessive.

For the reasons set forth herein it is concluded that the judgment of the district court should be and it is affirmed.

AFFIRMED.