PAUL V. CASE, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

131 N. W. 2d 191

Filed November 6, 1964. No. 35728.

Paul V. Case, pro se.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, and BROWER, JJ., and DIERKS, District Judge.

BROWER, J.

This is a habeas corpus proceeding commenced by the petitioner Paul V. Case who will be referred to herein as plaintiff, in the district court for Lancaster County, Nebraska, after filing an affidavit to proceed in forma pauperis. The petition alleges the plaintiff is deprived of his liberty and confined in the Nebraska Penal and Correctional Complex at Lincoln, Nebraska.

The trial court held the petition did not state facts sufficient to require the issuance of the writ and dismissed the petition. The plaintiff has appealed from the judgment of dismissal by the trial court.

That which was designated as a petition and is separately signed continues with a statement of facts and an argument which are apparently covered by one verification and intended to be construed together. Inasmuch as the plaintiff appeared without counsel in the trial court and this court and seems totally unfamiliar with legal procedure, they will be so treated here.

It may be stated that the petition and the argument of the plaintiff is itself vague and difficult to follow, probably because he is not a lawyer. We have en-

deavored, however, to ascertain his contentions. The petition first alleges plaintiff is confined by reason of a commitment obtained by fraud by the authorities of Lancaster County, Nebraska. It fails, however, to set out any facts showing such fraud but confines itself to allegations that the statute under which he was convicted and sentenced was ambiguous in its nature and content and therefore unconstitutional.

From the certified copy of the information and commitment attached to the petition, it appears that the petitioner was heretofore charged with the commission of the offense of burglary of a dwelling house under section 28-532, R. R. S. 1943, on April 14, 1963. The information sets forth that plaintiff being the accused therein willfully, maliciously, feloniously, and forcibly broke and entered the dwelling house described with the intent then and there to steal property of value. He was thereafter arraigned, pleaded guilty on April 18, 1963, and was sentenced on May 2, 1963, to imprisonment for a term of 5 years in said penal complex.

Section 28-532, R. R. S. 1943, which the plaintiff contends is unconstitutional, so far as is pertinent here, reads as follows: "Whoever willfully, maliciously and forcibly breaks and enters into any dwelling house, * * * with intent to kill, rob, commit a rape, or commit any felony, or with intent to steal property of any value, shall be punished by imprisonment in the penitentiary not more than ten years nor less than one year, or by a fine not exceeding five hundred dollars, or imprisonment in the jail of the county not exceeding six months."

The plaintiff urges that he is entitled to obtain a discharge from his imprisonment because the sentence was beyond the power of the trial court and because of the statute being unconstitutional for the reasons herein stated.

The assignment of error and argument first asserts section 28-532, R. R. S. 1943, is vague, ambiguous, and

duplicitous in that it sets forth imperfectly and vaguely two crimes and is moveover unconstitutional. The contention seems to be that there are really two offenses stated in this section. The first he states is a felony which includes breaking and entering, "with intent to kill, rob, commit a rape, or commit any felony"; the second, "with intent to steal property of any value," he asserts is a burglary of a misdemeanor grade. Plaintiff argues that the words, "kill, rob, commit a rape, or commit any felony," must of necessity include every felony, and that the remaining portion, "steal property of any value," must refer to stealing property of a small value as it would otherwise be a felony and previously covered by the statute. Therefore this latter portion of the section describes only a misdemeanor. He calls attention also to the great difference in the penalties made applicable by the section, some of which would be generally applied in case of a felony and others for a misdemeanor. From these arguments he contends the statute describes two crimes, one a felony and one a misdemeanor. He contends that being accused in the information of entering the premises "with intent to steal," therefore has relation only to the misdemeanor described and the penalty in such a case is the fine or a sentence in the county jail and not the greater penalty mentioned in the statute under which he was sentenced. Consequently the sentence imposed was excessive, illegal, and void.

It is obvious, however, that section 28-532, R. R. S. 1943, defines one separate and distinct offense of burglary and the gist of the crime so defined is the willful, malicious, and forcible breaking and entering of any of the structures there named with the intent to commit any of the offenses specified therein. There is no merit to the contention that more than one crime is defined.

From the careful study of the remainder of the plaintiff's argument, it appears that he further contends that

if the offense of burglary set out in the section is one offense the statute is still vague, ambiguous, duplicitous, and unconstitutional because the penalty set forth ranges from imprisonment for from 10 to 1 year in the penitentiary to a fine not exceeding $500 or imprisonment in the county jail not exceeding 6 months. Plaintiff argues that the greater penalties set out in the statute are only inflicted for the commission of a felony and that the lesser penalties are applied only for misdemeanors. Therefore if one crime is defined, it is impossible to tell whether that crime is a felony or a misdemeanor. Hence again he insists the statute is vague, ambiguous, illegal, and unconstitutional.

In Carr v. State, 152 Neb. 248, 40 N. W. 2d 677, this court in discussing and disposing of a similar contention said: "The defendant claims invalidity of the statute he was originally charged with violating. § 39-762, R. S. Supp., 1949, § 39-763, R. S. 1943. He says it is 'vague, duplicitous and illegal' for the reason that it defines the offense of leaving the scene of an accident as a felony and a misdemeanor. The objection is untenable. When an offense is not designated by the statute creating it as either a felony or a misdemeanor, the grade of the offense is determined by the maximum punishment authorized by the statute. Rains v. State, 142 Neb. 284, 5 N. W. 2d 887."

We conclude that section 28-532, R. R. S. 1943, in defining burglary sets forth one separate and distinct crime and that the offense defined therein is a felony. That the crime stated is neither vague, duplicitous, or unconstitutional, and that the various contentions of the plaintiff are without merit.

It follows that the petition of the plaintiff failed to state a cause of action authorizing a writ of habeas corpus to issue. The judgment of the trial court in dismissing the plaintiff's petition was proper and should be and is affirmed.

AFFIRMED.